## J. J. CARTER AND WIFE V. D. W. EAMES.

1. AMENDMENT.—A defendant who failed to move to strike out an amended petition setting up a new cause of action as filed too late, cannot on appeal complain of being forced to trial without having been served with a copy of such amendment.

2. CONTINUANCE.—An application for continuance not stating the statutory diligence, should set out the facts so that the court could judge whether the use of statutory diligence would have been effectual in obtaining the testimony.

3. PRACTICE.—The irregular admission of secondary evidence not shown to have been objected to below will not be revised on appeal.

4. CHARGE OF COURT.—A charge incorrect in law, but which manifestly from the record could in no way have affected the rights of the parties, is not cause for reversal.

5. ASSIGNMENT OF ERRORS.—Errors not assigned below are considered as waived; errors cannot be assigned in the Supreme Court except by consent of parties.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

This suit was filed in the District Court of Walker county on the 24th February, 1874. The suit is founded on a non-negotiable note executed by Carter and wife payable to "W. N. Crawford, agent of Thomas B. Bodley." The original petition declares upon this note in the name of D. W. Eames, as one indorsed in blank by Bodley, the payee. The petition also sets up a mortgage upon a mill and machinery, which was executed to secure the payment of the note, and is made an exhibit to the petition, and a judgment is asked upon the note and a foreclosure of the mortgage on the mill and machinery. On the 19th March, 1874, the defendants pleaded, 1st, a general demurrer; 2d, a general denial of all the allegations in the petition; 3d, special plea and answer, in which they admit the execution of the note and mortgage declared on, and set up also a failure of consideration and damages for a breach of the contract, particularizing them with a bill of particulars, &c. The answer was not demurred to. Mrs. Carter also filed a

separate answer on the same day, which it is not necessary to notice further. On 2d April the appellee filed an amended petition, in which he sets up a new and distinct security for the payment of the notes sued on, to wit, a trust deed dated 10th April, 1872, on a tract of land in Angelina county. This amendment was filed on the 2d April, and the cause was called for trial next day, the 3d April. When the cause was called for trial Carter and wife objected to being forced to trial upon the pleadings as amended, without service of the amended petition filed on the day before the cause was called for trial, claiming that as the amended petition claimed a more onerous judgment than the one asked for in the original, they were, under the law, entitled to service of the amendment. The court overruled appellant's objections and compelled them to go to trial without service of said amended petition, whereupon they filed an answer instanter, wherein they expressly reserve and except the right to be served with a certified copy of the amended petition filed the day before, intending, as they say, in no way to waive their right to the service thereof, and except to the ruling of the court in overruling the right to said service made *in limine*. The appellants then filed written motion for a continuance, which was overruled, to which they took a bill of exceptions, and they were forced into trial. A verdict and judgment was rendered for the appellee for the amount due on the note and a foreclosure of the mortgage upon the mill and machinery and the land in Angelina county. The appellants' motion for a new trial being overruled, they appealed.

*J. M. Maxey* and *W. A. Leigh*, for appellants, cited the following authorities: De Walt *v.* Snow, 25 Tex., 320; Gregg *v.* Johnson, 37 Tex., 558; Merlin *v.* Manning, 2 Tex., 351; Ross *v.* Smith, 19 Tex., 171; Merrill *v.* Smith, 22 Tex., 53; Evans *v.* Pigg, 28 Tex., 586.

*Randolph & McKinney*, for appellee.

ROBERTS, CHIEF JUSTICE.—The appellee obtained a judgment upon the obligation sued on against J. J. Carter, and against J. J. Carter and wife, on the mortgages given by them upon certain mill machinery, for which the obligation was given, and upon a tract of land in Trinity county.

The defendants below pleaded the general denial and failure of consideration, but offered no evidence whatever in support of it. Mrs. Carter pleaded her coverture, and for that reason no judgment was rendered against her for money but only for the foreclosure of the mortgages, which she had signed with her husband and privately acknowledged according to law.

The record in this case therefore presents defendant J. J. Carter in the defensive only, as seeking to resist the case made by the plaintiff by certain errors committed in the proceedings of the District Court, which have been assigned as grounds of error.

There is an attempt to make an additional assignment of errors in this court after the record had been filed here, which cannot be permitted, except by consent, which has not been given in this case. Such errors, therefore, as have been assigned below and come up with the record will be considered, and those alone.

The first error assigned is that the court erred in forcing defendants into trial without service of an amendment to the original petition, setting up an additional security for the note or obligation in the shape of a mortgage on a tract of land in Trinity county.

This cannot avail the appellants, because they did not move to strike out the amendment, as coming too late for an additional cause of action to be set up; nor did they take a bill of exceptions to the action of the court, or in any other way properly present the objection here made, so as that it can be noticed by this court.

The second error assigned is that "the court erred in

overruling the motion for a continuance, as per bill of exceptions on file.''

The application for a continuance states that one Sims, in Shelby county, is a material witness, and that no reasonable diligence would have enabled him to procure his evidence, without stating such facts as would have enabled the court to judge of that matter; which should always be done when the party is unable to make a showing of diligence, but has to make an excuse for not doing so.   There is nothing in the record or in the application showing that the court erred in overruling the motion for a continuance.

The next assignment of error, to wit, "3d, the court erred in allowing the plaintiff to read in evidence to the jury the obligation sued on, because said obligation was not negotiable and its ownership was denied by the answer, and the said plaintiff offered no proof of ownership," is not well taken, because the admission of the obligation in evidence was not excepted to, even if an exception would have been tenable, which is not seen from anything in the record.

The next assignment, "4th, the court erred in its charge to the jury," and the next, "5th, the verdict was contrary to the law and evidence," may be considered together.

The obligation sued on was not payable to the order of the payee or to bearer, but was assigned to the plaintiff by an indorsement in blank, executed by the payee, which was alleged in the petition to have been done upon valuable consideration.   Such an indorsement authorized the holder to fill up the blank with a transfer for value received, which would *prima facie* establish ownership of the obligation; and this was sufficient to authorize the finding of the jury in favor of the plaintiff.   (Hansborough v. Towns, 1 Tex., 61; Paschal's Dig., art. 222.)

The court charged the jury that "in the absence of proof by the defendants that the note was in fact transferred after its maturity, or that the plaintiff had notice of the defenses

set up, the defendants cannot set up the same against the plaintiff."

Though this charge was not correct under the law embraced in the article above referred to, which permits defenses to a non-negotiable instrument existing between the original parties, still it worked no injury upon the defendants, for the reason that there was not a particle of evidence on the trial tending to establish the affirmative defenses set up against the obligation as between the original parties to it.

The material error attempted to be assigned here, and that was not assigned in the court below, though reserved by a bill of exceptions, was the error of the court in admitting the copy of the deed of mortgage for the Trinity land to be read in evidence, without accounting for the absence of the original, and without it having been filed as a certified copy, and proper notice thereof given to the defendants before the trial.   This is not assigned as error properly, so as to require a reversal for that cause, inasmuch as it is expressly provided by statute that an "assignment of errors shall be attached to and form part of the record" when the transcript thereof is sent up; "and all errors not so distinctly specified shall be considered by the Supreme Court as waived."   (Paschal's Dig., art. 1591.)

Appellee has taken the precaution to file a conditional release of so much of the judgment as relates to the Trinity land embraced in the mortgage thus offered and its admission excepted to, if this court should deem the ruling of the court in relation to that subject erroneous, and has asked that the judgment, if erroneous to that. extent, be reformed by this court.   It is not necessary to consider this matter, or act upon it, as the error is not so assigned, and is not otherwise of a character to require this court to reverse the judgment of the court below, either in whole or in part, on account of it.

The judgment is therefore affirmed.

AFFIRMED.