H. L. MALLOY v. RICHARD CALLAHAN.

(No. 4392.)

CHARGE.— Ground for reversal, when. Where the charge misled the jury to the injury of the party complaining, judgment will be reversed.

APPEAL from Navarro county. Opinion by WATTS, J.

STATEMENT.— On May 6, 1879, appellee brought this action of trespass to try title against appellant. The property sought to be recovered was described as lot No. 4, in block 241, situated in Corsicana. Appellee claimed the same by and through a conveyance from Mooney and wife. Appellant claimed that he had previously purchased the lot from Brennan as the agent of Mooney and had paid the purchase money therefor, and that Mooney had ratified the same and executed a deed, but that the same had not

been delivered; that he had long been in possession of the property, and had placed valuable improvements upon it; that his possession gave notice to Callahan of his rights, etc., and in the alternative prayed to recover of Mooney the money paid and that he be served with a copy of the answer.

Appellee replied denying that appellant had paid money for the property, alleging that Mooney had made a deed and delivered it to his attorney with instructions not to deliver it to appellant until he paid the purchase money, which he failed to do, and that Mooney thereupon withdrew the deed and sold and conveyed to appellee the land, etc. Trial, verdict and judgment for appellee, from which this appeal was taken. The material error is in the charge of the court and is indicated by the opinion.

OPINION.— If either Brennan or Mooney were parties to this suit, the fact is not shown by the record.

The court did not err in answer to the question of the jury as to finding a verdict against them in favor of Mooney for any money paid by him on the lot. As they were not parties to the suit no verdict could be returned against them, and the answer of the court was correct. As the case was presented there was no question raised as to the lot having been the separate property of Mrs. Mooney. No such claim is asserted by the pleadings. The property was presumptively the common property of Mooney and wife, and that Mooney under the law had the right to sell and convey it without being joined by the wife. However, throughout the charge the court treats Mrs. Mooney as a necessary party to the trade.

The jury are in effect informed that the sale and conveyance of the lot to Malloy must have been made by Mooney and wife, or their duly authorized agent. But if the trade was made by Brennan without authority, then if Mooney and wife ratified and confirmed it, that would be sufficient. It is well settled that an erroneous instruction is not ground

for reversal of the judgment, unless shown to have produced actual or possible injury to party complaining. See Loper v. Robinson, 54 Tex., 516, and authorities cited; also Carter v. Eames, 44 Tex., 548.

However, from an examination of the record, it does not appear but that the jury were misled to the injury of the appellant by reason of the errors in the instructions of the court. JUDGMENT REVERSED AND CAUSE REMANDED.