## H. L. MALLOY vs. RICHARD CALLAHAN.

### SUPREME COURT, AUSTIN TERM, 1883.

*Charge—Ground for Reversal, when.* --Where it appears from the record that an erroneous charge misled the jury to the manifest injury of the party complaining, the judgment will be reversed and the cause remanded.

Appeal from Navarro County.

*Simkins & Simkins* for appellant.

#### STATEMENT.

On May 6th, 1879 appellee brought this action of trespass to try title against appellant. The property sought to be recovered was described as lot No. 4 in block No. 241 situated in Corsicana. Appellee claimed the same by and through a conveyance from Mooney and wife.

Appellant claimed that he had previously purchased the lot from Brennan as the agent of Mooney and had paid the purchase money therefor, and that Mooney had ratified the same and executed a deed, but that the same had not been delivered.

That he had long been in the possession of the property, and had placed valuable improvements upon it; that his possession gave notice to Callahan of his rights, &c., and in the alternative prayed to recover of Mooney the money paid and that he be served with a copy of the answer.

Appellee replied denying that appellant had paid Mooney for the property, alleging that Mooney had made a deed and delivered it to his attorney with instructions not to deliver it to appellant until he paid the purchase money, which he failed and refused to do, and that Mooney thereupon withdrew the deed and sold and conveyed appellee the land, &c.

Trial, verdict and judgment for appellee, from which this appeal was taken.

The material error is in the charge of the court and is indicated by the opinion.

Opinion by Watts, J.

If either Brennan or Mooney were parties to this suit, that fact is not shown by the record.

The court did not err in answer to the question of the jury, as to finding a verdict against them in favor of Malloy, for any money paid by him on the lot.

As they were not parties to the suit no verdict could be returned against them, and the answer of the court to that effect was correct.

As the case was presented there was no question raised as to the lot having been the separate property of Mrs. Mooney. No such claim is asserted by the pleadings.

The property was presumptively the common property of Mooney and wife, and that Mooney under the law had the right to sell and convey it without being joined by the wife. However, throughout the charge the court treats Mrs. Mooney as a necessary party to the trade.

The jury are in effect informed that the sale and conveyance of the lot to Malloy must have been made by Mooney and wife, or their duly authorized agent. But if the trade was made by Brennan without authority, then if Mooney and wife ratified and confirmed it, that this would be sufficient. Whereas it was not pretended by Malloy that Mrs. Mooney knew anything about the trade, or that she had anything to do with ratifying it. It is well settled that an erroneous instruction is not ground for a reversal of the judgment, unless shown to have produced actual or possible injury to the party complaining.

Loper vs. Robinson 54 Tex., 516, and authorities cited.

In the case of Carter vs. Gains 44 Tex., 548, it was said in effect, that an erroneous charge which manifestly could have worked no injury, and did not affect the rights of the parties, was no ground for reversal. On the other hand, if the erroneous instruction might have misled the jury, and from an examination of the record it does appear that it did have that effect, then it is good ground for reversal. But if from an examination of the record, it is apparent, that the jury were not thereby misled to the injury of the party complaining, the judgment will not be reversed on that account.

However, from an examination of the record it does not appear but that the jury were misled to the injury of the appellant, by reason of the errors in the instructions of the court.

The other errors complained about are such as will not likely occur upon another trial.

We conclude that the judgment ought to be reversed and the cause remanded.

The report of the commissioners of appeals examined, their opinion adopted and the cause remanded.

WILLIE, C. J.