## H., E. & W. T. R'y Co. v. MARY HARDY.

(Case No. 1777.)

1. JUDGMENT.— When, on the trial, no objection was made to any evidence on which the plaintiff relied to sustain his claim for damages, and a verdict for the plaintiff showed the special grounds on which the jury rested their verdict, the pleadings being sufficient to authorize such verdict, in support of which there was some evidence, the judgment, on appeal, was not reversed.

2. CHARGE OF COURT — PRACTICE.— Though a charge of the court may be in some respects incorrect, or present some issues not raised by the pleadings, yet if it appear affirmatively from the record that the finding of the jury was not influenced by such erroneous charge, the case will not ordinarily be reversed because of such immaterial error of the court.

ERROR from Harris.   Tried below before the Hon. James Masterson.

This suit was filed October 15, 1881, by Mary Hardy against the defendant for damages to her homestead property, occasioned by the negligent construction and operation of the track of defendant's railroad in front of her premises, so as to impede the flow of the water having a natural outlet that way, and cause it to back up upon and injure her premises.   The petition stated that the property was worth $3,000 before and without the injuries complained of, and was only worth, since their occurrence, $500.   Damages laid at $2,500.   Special damages to house and garden from two overflows in 1881, $100 each time.

The defendant pleaded: The general issue; that it was authorized by ordinance of the city of Houston to build its track, and under that authority said track was laid; that its track had been carefully and skilfully constructed, and did not obstruct the drainage or injure plaintiff's property.

There was a jury, and a verdict and judgment for the plaintiff, $350.

The charges complained of were the following:

"2. If the proof shows that defendant company has obstructed Second street, in Fifth ward, in the city of Houston, and thereby obstructed the drainage of plaintiff of water theretofore accustomed to flow over said street, and if defendant, by placing a culvert over the drain that theretofore conducted water off of plaintiff's prop-erty — if such insufficient culvert caused the premises of plaintiff to be overflowed by usual and ordinary rains, and has damaged plaint-iff's property, find for plaintiff damages."

"5. If, under the evidence, applied to the law given you in charge, you find for plaintiff, consider the actual damage resulting to plaint-iff's property resulting directly from the overflowage of water thereon caused by the defective or insufficient culvert constructed by defendant, and not from water coming on to plaintiff's land or kept there from the act or neglect of others. The measure of damages is all special losses to plaintiff resulting from the overflow-age and the lessened value of the use or rental value of the premises so overflowed through the fault of defendant for the time the prem-ises were so overflowed; and for the difference in its rental value or use resulting directly from such overflowage from time of inju-ries up to this time, and what it would have been but for such wrongful act of defendant."

*Hutcheson & Carrington*, for plaintiff in error, cited: Dodd *v.* Arnold, 28 Tex., 97; Austin *v.* Talk, 20 Tex., 164; Cook *v.* Burnley, 45 Tex, 97; Freeman on Judgments, par. 242; Troy *v.* Cheshire R. R., 3 Foster (N. H.), 83.

*F. F. Chew* and *W. P. Hamblen*, for defendant in error, cited: King *v.* Bremond, 25 Tex., 637.

West, Associate Justice.— It seems to be true that there was neither pleading nor evidence on which to base that portion of the charge which, in substance, directed the jury, in determining the amount of damage, to consider the difference in rental value of the property in question before and after the wrongful act of the plaintiff in error.

The record, however, discloses affirmatively that the jury were not in the least influenced by the views of the court as to the mat-ter of difference in the rental value of the land. The verdict is to

the effect that the damages were caused by the fact that the culvert constructed by the plaintiff in error did not have sufficient capacity to carry off the water, and as a consequence the property of the defendants in error was overflowed and damaged.

There was considerable evidence to the effect that the culvert was not large enough for the purpose for which it was designed. There was also some testimony tending to show that the property of the defendants in error was considerably injured from this cause.

It is also true that the petition did not set out very clearly, or specially, all the elements and matters of damage on which the defendants in error relied to authorize a recovery. There were, however, general allegations, which show clearly that the defendants in error did in fact claim damages resulting from the acts of plaintiff in error, other than the special damage set out in the petition. The plaintiff in error filed only a general demurrer to the petition of the defendants in error, and afterwards abandoned that.

No objection whatever was taken on the trial to any evidence that was offered in support of the claim of the defendants in error for damages.

Under these circumstances, as the verdict shows the special grounds upon which the jury rest their findings, and as the pleadings were sufficient to authorize such findings, and as there was some evidence introduced to that effect, the verdict should not, under the circumstances, be disturbed.

Though the charge of the court may in some respects be incorrect, or present some issue not raised by the pleadings, yet if it appears affirmatively from the record that the finding of the jury was not influenced by such erroneous charge, the case will not ordinarily be reversed because of such immaterial error of the court. City of Galveston v. Morton, 58 Tex., 416; Carter v. Eames, 44 Tex., 544; Jones v. Thurmond, 5 Tex., 318; Salinas v. Wright, 11 Tex., 572; Hollingsworth v. Holshousen, 17 Tex., 41; Merriwether v. Dixon, 28 Tex., 19; King v. Bremond, 25 Tex., 637.

The judgment is affirmed.

Affirmed.

[Opinion delivered February 29, 1884.]