SAINT LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. H. D. CUNNINGHAM.

Decided November 28, 1907.

**1.—Railway—Assisting Passenger—Time to Get Off—Authority of Brakeman.**

One assisting his wife, nearly blind, to a seat on the train might rely on a statement by the brakeman assisting passengers at the steps that time would be allowed him to do so and get off again, and the carrier was not relieved from liability for injuries caused him by starting the train before he could do so though the conductor was not informed of his intention to get off and there was no proof that the giving such assurance was within the scope of the brakeman's duties. Charges presenting this view held proper, and peremptory instruction for defendant held properly refused.

**2.—Contributory Negligence of Passenger—Charge.**

Instructions as to matters to be considered by the jury in determining whether plaintiff was negligent in getting off the train while in motion after assisting a passenger to a seat thereon considered, and held not subject to various objections urged thereto.

**3.—Damages—Physical Injury—Pain.**

Evidence considered and held to show disabling injuries to the person as well as pain, and to justify the submission of both as elements of damage recoverable.

**4.—Passenger—Negligence—Contributory Negligence.**

If one assisting a passenger upon the train was allowed sufficient time and opportunity to leave it safely, this fact disproved negligence by defendant and a charge submitting it as supporting the plea of plaintiff's contributory negligence was properly refused.

**5.—Charge.**

Instructions omitting material limitations of the principle invoked or presenting defenses sufficiently covered by the main charge held properly refused.

Appeal from the District Court of Camp County. Tried below before Hon. P. A. Turner.

*E. B. Perkins* and *Glass, Estes & King,* for appellant.—When plaintiff came down the steps of the car to get off the train was standing, or had just moved up and was moving slowly, and he could have stepped off then in safety. Gulf, C. & S. F. Ry. v. Mangham, 95

Texas, 413; Missouri, K. & T. Ry. v. Rogers, 91 Texas, 52; Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 635; Missouri, K. & T. Ry. Co. v. Simmons, 12 Texas Civ. App., 500.

*Sam D. Snodgrass,* for appellee.—Permitting plaintiff to enter the car to assist a passenger on the train, with knowledge that such person intends to get off, it is defendant's duty to give the person a reasonable time to do so. Missouri, K. & T. R. R. Co. v. Miller, 15 Texas Civ. App., 428; International & G. N. R. R. Co. v. Satterwhite, 19 Texas Civ. App., 170.

WILLSON, CHIEF JUSTICE.—On August 2, 1905, plaintiff's wife, about 55 years of age and nearly blind, was in Naples, and wished to go to her home in Pittsburg. Plaintiff, about 70 years of age, was with his wife, and procured a ticket entitling her to transportation over defendant's line of railway from Naples to Pittsburg. When defendant's train reached Naples its brakeman thereon, in the discharge of his duty, for the purpose of assisting passengers off and on the train, took a position at the steps of one of the coaches, when plaintiff, with his wife, ready to get aboard the train, stated to the brakeman that his wife was nearly blind, and requested him, the brakeman, to assist her to a seat in the coach. This the brakeman declined to do, suggesting to the plaintiff that he get aboard the train and help his wife to a seat thereon, and remarking that the train would remain where it was for three or four minutes. Plaintiff then got aboard the train with his wife, without delay secured a seat for her near the door through which he entered the car, and turned to leave same. About this time the train began to move, and he at once proceeded to the steps of the car for the purpose of alighting therefrom. He had had no experience in getting off a moving train, and for a moment stopped on the steps of the coach, rather dreading to get off while the train was moving for fear he might thereby get hurt, and then, while the train was moving at the rate of four or five miles per hour, got off, or was jerked off, the lower step, and, falling to the ground, received injuries which confined him to his bed for about forty days, and during about four months prevented him from following his occupation as a tombstone agent, at which he had been earning about $100 per month.

The acts charged against defendant as negligence in plaintiff's petition were: (1) putting the train in motion before he had had time to alight therefrom; (2) moving the train without giving him notice of its intention to do so; and (3) moving the train from the station while he was aboard same, after having had notice of his intention to alight therefrom.

Defendant answered plaintiff's petition by a general denial of its allegations and a plea in general terms of contributory negligence.

A trial had December 12, 1906, resulted in a verdict and judgment for the sum of $500 in favor of plaintiff, appellee here, and the defendant, appellant here, appealed.

By its first assignment of error appellant complains of the action of the court in refusing its requested charge peremptorily instructing the jury to return a verdict for the defendant. In support of this assign-

ment it is urged that the record shows that its conductor in charge of the train did not know that appellee had gotten aboard the train, nor anything about his intention to get off of same after he had assisted his wife to a seat; and fails to show that the brakeman who invited appellee to get aboard the train, and assured him it would not be moved for three or four minutes, was authorized by such invitation and assurance to bind appellant to hold its train at Naples after all the passengers had gotten off of and on the same.

We do not think the assignment should be sustained. As was shown by the testimony, it was the brakeman's duty to take a position at the steps of one of the coaches when the train arrived at a station, and there assist passengers in getting off of and on the train. It is true appellee was not a passenger, and that it was not a part of the brakeman's duty to assist him on or off of the train. It is equally true that appellee, in the absence of proper provision made by appellant for the performance of the service, had a right to enter appellant's coach for the purpose of assisting his wife in her partially helpless condition; and for his guidance in the exercise of this right we think he was entitled to rely upon information furnished to him by the person selected by appellant to perform the service then being performed by the brakeman. Furnishing such information, we think, was clearly within the scope of the duty then being discharged by the brakeman and imposed upon him by appellant. Frequently it is not only proper, but necessary, that a person intending to become a passenger on a railroad company's train should be assisted by some one interested in his or her comfort and welfare, in getting thereupon, and in procuring proper accommodations thereon. Persons entering cars, not as passengers, but for the purposes indicated, often are without information as to the railroad company's custom in moving its trains at particular stations, and for their guidance in the performance of such service for a friend or relative, constantly are asking for, and relying and acting upon information as to such matters furnished by employes placed in the position occupied by the brakeman on the occasion in question. The practice of passengers and licensees accompanying passengers to seek such information from an employe so placed, and the practice of such employe to furnish same, so often followed and so well known to the public, we think the railroad company can not be held to be ignorant of, but must be held to know of, and to countenance and acquiesce in. If so, then the invitation and assurance given to the appellee by appellant's brakeman was not given without, but was given with, authority in the brakeman to give it. And as a result of such invitation and assurance so given appellee, it became appellant's duty to hold its train at the station for a time reasonably sufficient to enable plaintiff to go upon the car with his wife, procure a seat thereon for her, and alight therefrom with safety. Authority for the conclusion reached by us, we think, will be found in International & G. N. Ry. Co. v. Satterwhite, 19 Texas Civ. App., 170. There the trial judge instructed the jury that if Satterwhite's intention to get off of the train after assisting a female relative thereon was known to either the conductor or the brakeman, such knowledge would be effectual as against the railroad company. The instruction was held not to be erroneous. In the case men-

tioned the brakeman had enjoined Satterwhite to get off the train, and the railroad company asked the court to charge the jury that it was not responsible for the brakeman's injunction. In disposing of the railroad company's complaint because of the refusal of the trial court to so instruct the jury, the Court of Civil Appeals says: "The plaintiff was not seeking to recover of defendant on the ground that he was induced to leave the train while in motion by the words spoken by the brakeman. These words were offered in evidence as tending to show knowledge on the part of the trainmen of plaintiff's purpose and intention to alight from the train as soon as he rendered proper assistance to Mrs. Fambough. We think there was no error in refusing this instruction." (Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 241.)

By its second assignment of error appellant complains of that part of the court's charge which instructed the jury that, if they believed from the evidence "that one of the employes of the defendant, in charge of said train, took his position at the steps of the coach for the purpose of assisting passengers off and on said train, and that appellee informed said employe of his intention to attend his wife, seat her, and then leave the train, and said employe assented thereto, then it was the duty of defendant to stop its train a reasonably sufficient time to allow the plaintiff to assist his wife thereon, and to attend her, and to seat her, and then alight therefrom in safety; and if you further believe from the evidence that the defendant did not so stop its train a reasonably sufficient time as above charged, caused the plaintiff to fall from said train and to be injured, then you will find for the plaintiff, unless you find against the plaintiff on the ground that he was guilty of contributory negligence under subsequent paragraphs of this charge."

The specific objections urged to the charge in propositions under this assignment are: (1) That it assumes that appellant's employe, who took his position at the steps of the coach for the purpose of assisting passengers off of and on its train, was at that time, with some other employe, in charge of the train, in the face of uncontradicted evidence that he was merely appellant's brakeman; and (2) that in imposing upon appellant the duty to stop its train for a reasonably sufficient time to allow plaintiff to assist his wife thereon, and attend her, and seat her, and then alight therefrom in safety, it was erroneous, because it placed upon appellant a greater duty than was due from it to appellee, and misleading, in that the jury were authorized to find appellant liable without regard to the diligence used by appellee or to the time consumed by him in seating his wife on the train.

For reasons sufficiently indicated in what we have said in disposing of appellant's first assignment of error, we do not believe the objection first urged to this portion of the court's charge should be sustained. Nor do we think the other objection made to this portion of the court's charge is well taken. The duty it placed upon appellant was to hold its train for a time reasonably sufficient to enable appellee to assist his wife upon the car, procure for her a seat thereon, and then alight therefrom in safety. The law placed upon appellant identically the same duty. (Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 241; International & G. N. Ry. Co. v. Satterwhite, 19 Texas Civ. App., 170; Missouri, K. & T. Ry. Co. v. McElree, 16 Texas Civ. App., 182;

Ft. Worth & D. C. Ry. Co. v. Viney, 30 S. W. Rep., 253.)   Giving to the language of the charge the meaning, it seems to us, it necessarily carried, the complaint that it was misleading, and authorized the jury to find appellant liable without regard to the diligence used by appellee or the time consumed by him in seating his wife on the train and alighting therefrom, is not believed to be tenable.   The jury were not authorized by the language of the charge to extend the "reasonably sufficient time" it declared appellant must hold its train one instant beyond the period necessary to enable appellee to accomplish the purpose for which he went aboard the train and then to alight therefrom.   If the jury had believed from the evidence that appellee loitered on the way, or consumed time in any other way than for the accomplishment of the purposes specified in the instructions given them, they could have found in the language of the court's charge no warrant for charging against appellant the time so wasted.   On the contrary, in another portion of the charge, they were plainly told that it was appellee's duty to use such dispatch in assisting his wife on the train, in attending her, seating her thereon, and getting off of same, as a person of ordinary care and prudence would have used under the same circumstances. Therefore to construe the instructions as authorizing the jury to find appellant liable without regard to the diligence used by appellee or to the time consumed by him in rendering the assistance specified to his wife and then alighting from the train, it seems to us would be a perversion of their meaning of which it ought not to be assumed the jury might be guilty.   How long it properly might take a person under the circumstances shown by the evidence to surround appellee to get aboard the train with his wife, procure a seat thereon for her and then alight therefrom, we think might well have been determined by the jury, without any other guide than the common knowledge and experience to be credited to all men alike.   If they concluded after determining the time necessary to be so consumed, that the train did not remain at the station for that length of time, the effect of such finding we think would be to determine that it did not remain at the station a "reasonably sufficient time" to enable appellee to accomplish the purposes specified in the charge.   (Missouri, K. & T. Ry. Co. v. McElree, 16 Texas Civ. App., 182; Ft. Worth & D. C. Ry. Co. v. Viney, 30 S. W. Rep., 253; Houston, E. & W. T. Ry. Co. v. Hardy, 61 Texas, 232; King v. Bremond, 25 Texas, 637; Carter v. Eames, 44 Texas, 547; Gulf, C. & S. F. Ry. Co. v. Styron, 66 Texas, 427; Galveston, H. & S. A. Ry. Co. v. Johnson, 74 Texas, 262; Galveston, H. & S. A. Ry. Co. v. Arispe, 81 Texas, 517; St. Louis S. W. Ry. Co. v. Martin, 26 Texas Civ. App., 231.)

On the issue of contributory negligence on the part of appellee the court charged the jury as follows:   "In passing on the question whether or not plaintiff was himself guilty of contributory negligence in getting off the train, which helped to bring about the accident whereby he was injured, if he was injured, you will consider the speed of the train, the nature and character of the ground where he got off, the hour of the day or night, distance from the step to the ground, age and physical condition of the plaintiff at

the time, his experience or want of experience in getting off trains in motion, the manner in which he got off the train and all his surroundings at the time and all the circumstances and facts in evidence in the case, and say from it all, whether or not a person of ordinary care and prudence would have attempted to get off the train under the same circumstances and in the same way he did; if you find he would, then the plaintiff would not be guilty of contributory negligence in doing so and if you find that a person of ordinary prudence and care would not have attempted to get off of the train and in the way the plaintiff did under the same circumstances, then the plaintiff would be guilty of contributory negligence, which would defeat his right to recover, and you will find for the defendant."

The objections urged to this part of the charge are: (1) That it does not appear from the charge whether the jury were to consider the circumstances enumerated therein as for or against appellee; (2) that the charge authorized the jury to find that on account of the age and physical condition of appellee at the time and his inexperience in getting on and off of moving trains that he was not guilty of contributory negligence; (3) that there was no evidence that appellee was of such an age and in such a physical condition, or so lacking in experience in getting on and off of trains, as to relieve him from using ordinary care to prevent injury to himself in undertaking to get off of the train as he did; and (4) that the charge failed to enumerate some of the facts in evidence tending to show that appellee was guilty of contributory negligence.

We do not think the objections urged are tenable. Consideration by the jury of the circumstances enumerated properly was limited to the issue of contributory negligence vel non, without respect to whether those circumstances tended to establish or disprove such negligence. Had the court in his charge instructed the jury to consider the circumstances enumerated in favor of appellant on the issue of contributory negligence, it would· have been objectionable as on the weight of the evidence.

The objection last specified to the charge in question seems to have no support in the record. We have been unable to find therein any other facts testified to which should have been enumerated in the charge. If there were others, appellant by a special charge requested should have directed the court's attention to them.

From an inspection of the charge it is apparent, we think, that it is not obnoxious to the other objections urged to it.

The court instructed the jury if they found for appellee to give him such sum as in their opinion would compensate him for injury they might find from the evidence he had sustained and for pain suffered and which they might believe would thereafter be suffered by him. This charge is objected to on the ground that it authorized the jury to find in favor of appellee damages for injuries sustained by him and in addition thereto for pain suffered by him, when the evidence showed that the only damages he sustained was caused by the pain he suffered. There is in the record evidence tending to show that appellee as a result of the fall to the ground in his effort

to get off of the train had his shoulder dislocated, his arm and right hand injured, his head wounded, his back wrenched and a kidney dislodged. Therefore we think the assignment of error attacking this part of the charge should be overruled.

Appellant's fifth, sixth, seventh and eighth assignments of error question the correctness of the court's action in refusing to give to the jury special charges requested by it to be given to them.

One of the charges refused was as follows: "If you believe from the evidence that when the plaintiff came out of the car where he had carried his wife and on to. the steps of the same to get off the train was standing still or was moving slowly and that he could have gotten off without injury to himself at said time, but that he failed to get off then, and that he was negligent in failing to do so and that such negligence, if any, caused or contributed to his injuries, if any, then you will find for the defendant, and in passing upon this issue, you will take into consideration the charge defining contributory negligence."

If appellee had an opportunity to get off of appellant's train with safety, it was because appellant had discharged its full duty to him by holding its train at Naples long enough to enable him to do so. If it had discharged that duty, then it was not guilty of negligence, and was not liable to appellee for the injuries he sustained, irrespective of the question as to whether he had been guilty of contributory negligence or not. It was not error to refuse the charge.

Another of the charges refused was as follows: "If you believe from the evidence that the plaintiff got off of the train while it was moving, and that he held on to the rod or rail of the train steps, and that he was negligent in so doing, if he did so, and that by such negligence,' if any, he caused or contributed to cause his injuries, if any, then you will find for the defendant; and in passing upon this issue you will take into consideration the charge defining contributory negligence." And still another of the charges refused was as follows: "If you believe from the evidence that the plaintiff got off of defendant's train and that it was moving from where it had stopped at Naples, and was increasing in speed at the time, and that plaintiff at the time and before doing so realized that there was some danger of injury to himself to do so, and that under the circumstances he was negligent in doing so and that by such negligence, if any, he caused or contributed to cause his injuries, if any, then you will find ·for the defendant; and in passing upon this issue you will take into consideration the charge defining contributory negligence."

We think the charge first set out in the preceding paragraph was properly refused because it failed to embody the limitation on the rule it invoked made proper by the position of danger in which appellee may have found himself by reason of the negligence of appellant in failing to discharge the duty it owed to him to hold its train for a time reasonably sufficient to enable him to safely alight therefrom; (International & G. N. Ry. Co. v. Neff, 87 Texas, 307), and that it was not error to refuse the other charge set out in said

paragraph because its matter was sufficiently covered by the court's general charge.

The remaining special charge asked and refused was as follows: "If you believe from the evidence that the plaintiff came out of the car and down the steps of the defendant's coach while the same was standing still or just starting and moving slow, and that plaintiff could have stepped from the train to the ground with safety, and that he failed to do so, and that such failure, if any, to alight at the time was negligence as that term has been defined to you in the main charge, you will return a verdict for the defendant; or, if you believe that plaintiff could have, by the use of ordinary care, gotten off of said train in safety, and negligently failed to do so, but that he remained on the train until he was injured in attempting to alight, and you believe an ordinarily prudent man would not have so acted, you must find for the defendant."

The part of this charge not subject to the objection suggested to the special charge refused first set out above, we think is sufficiently covered by the court's main charge.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.