STATE OF LOUISIANA, *ex relatione* of MARY E. TOOREAU, *v.* HON. R. T. POSEY, Judge of the Fifth Judicial District.

A judge cannot exercise his discretion relative to the time of the trial of cases. The legislature has established the terms of the courts. Neither can he refuse a judgment by default at the proper time; or grant a continuance, without the forms of law being strictly complied with. The judiciary is not invested by the constitution with legislative powers, and cannot deprive the citizen, by its rules, of his legal rights.

HYMAN, C. J. The relatrix, Mary E. Tooreau, avers that in September, 1865, she, as tutrix of her minor children, instituted suit in the Fifth Judicial District Court, for the parish of East Feliciana, against David S. Rhea, for $2,851 95, with interest.

That on the second day of the term of the court, in October, 1865, the case being then ripe for default, she asked for a judgment by default against defendant, Rhea.

That the judge refused to grant the same, and continued the case, although defendant had failed to appear, or answer, or make a legal showing for a continuance; and that the court was thus closed against her.

She prays that the judge be ordered to show cause why he did not proceed to hear and determine the case according to law; and that a *mandamus* be issued, ordering the judge to try the same without delay.

The judge's response is, that he had adopted a rule for the term, (and that under similar circumstances he would renew it at another term), "that no cases should be tried except consent and criminal cases and matters of succession"; that he was induced thereto by reason of the dis-

tress of the people, and for the proper administration of justice; because of a petition of a large majority of the people of the parish, a resolution of the police jury, a memorial of the grand jury, and an application of the members of the bar.

The papers filed by the judge show the deplorable condition of the country, the result of the war; but neither the papers, nor the answer of the judge, show a legal justification for his refusal to try cases.

The legislative power has established terms of courts for the trial of suits.

It has stated, that a plaintiff may, on motion, take judgment by default against a defendant, if he appear not, within a prescribed delay. C. P. 310. The defendant did not appear within the delay, neither did he ask for further time to answer; yet the judge refused the right of judgment by default, accorded by law to plaintiff.

It has also stated, that it is not in the discretion of the court to grant a continuance of a case, except a party applies for it, and alleges sufficient cause to justify the same. See Article of the Code of Practice 468. This Article of the Code does not give to the judge authority to continue a case because a party applies for the same. The party applying must show some justification in his application, that is, some probability that injustice might be done him in the result of a trial, if forced upon him, which he might avoid by having time to prepare.

On such a showing *only, of the parties to a suit,* does the Article give to the judge the right of deciding in his discretion whether or not a continuance should be granted.

In this case the judge has, without even a request *from either party,* arbitrarily forced a continuance. He has yielded to solicitations of persons *not parties,* and deprived relatrix of the legal right of trial of her cause.

The judiciary is not, by the constitution, invested with legislative powers. It has no authority to deprive the citizen, by its rules, of his legal rights.

The judge must conform to the law, though he should think that thereby certain citizens would be injured, or that its provisions do not exactly come up to a proper administration of justice. If the citizens desire relief by the alteration of the law, for the administration of justice, they must apply to the law-making power, and not to the judiciary.

The Hon. R. T. Posey, District Judge of the Fifth Judicial District, for the parish of East Feliciana, having refused, in contravention of the legal rights of relatrix, to grant a judgment by default in the case of *M. E. Tooreau* v. *D. S. Rhea,* and to try the same, it is ordered in the name of the State of Louisiana, that said judge set aside the continuance, and proceed in the case according to law.