### H. NAFE ET AL. v. W. F. HUDSON.

Decided October 26, 1898.

**1. Trespass Upon Realty—Right of Action by Lessor.**

A lessor can not maintain an action for injury to premises in the exclusive possession of the lessee, unless the injury affects or lessens the value of the freehold.

**2. Same—Plea in Bar.**

A plea in bar in an action of trespass quare clausum fregit does not put in issue the existence of the plaintiff's title, or of his right of possession.

**3. Same—Right to Nominal Damages.**

The right to recover nominal damages for a trespass upon realty can not be denied, however inconsiderable the injury.

ERROR from Haskell. Tried below before Hon. ED. J. HAMNER...

*H. R. Jones,* for plaintiff in error.

*Foster & Scott,* for defendants in error.

TARLTON, CHIEF JUSTICE.—On January 1, 1897, the plaintiffs in error (plaintiffs also in the court below) were the owners of a certain tract of 320 acres of land located in Haskell County. On the night of that day W. T. Hudson and other defendants in error entered upon the premises described with about 300 head of cattle, and remained there during the night. This suit in trespass quare clausum fregit is to recover damages for the destruction of the grass upon the premises and for

injury to the soil.   The defendants prevailed in the trial before a jury, and hence this writ of error.

The evidence is conflicting as to the condition of the inclosure about the land.   The testimony on the part of the plaintiffs tends to show that the fence was in good condition.   That on the part of the defendants tends, on the contrary, to show that it was so out of repair as that the premises were practically a part of the commons.

It appears that at the date of the entry the premises were in the possession of one C. C. Riddle, as the tenant at will of the plaintiffs, and that after the entry Riddle approved and ratified the act of Hudson and his codefendants who had made the entry.

On the issue of damages, the evidence indicates that the injury was slight, if not trivial.

The court, among other matters, substantially charged the jury as to the nonliability of the defendants if the premises were in the possession of a tenant at will, and this instruction is complained of.

The lessor can not maintain an action for injury to premises in the exclusive possession of the lessee, unless the injury affects or lessens the value of the freehold.   Reynolds v. Williams, 1 Texas, 311; Railway v. Smith, 3 Texas Civ. App., 483.

To justify himself, however, under such a condition, the defendant must specially plead the tenancy by virtue of which the owner is deprived of the exclusive right of possession.   In an action of the character here involved, the plea in bar does not put in issue the existence of the plaintiff's title, or of his right of possession.   "In actions of trespass quare clausum fregit," says Mr. Chitty, "the plea of not guilty shall operate as a denial that the defendant committed the trespass alleged in the place mentioned, but not as a denial of the plaintiff's possession or right of possession of that place, which, if intended to be denied, must be traversed specially."   1 Chitty, p. 520; Carter v. Wallace, 2 Texas, 207.

The record, we think, excludes the existence of such malice or willfulness in the trespass complained of as would entitle the plaintiffs to the recovery of exemplary damages.   Hence the defendants in error contend that, as no actual damages were sustained, the verdict and judgment should, without reference to any other consideration, be affirmed; but this suggestion we are unable to heed, because the law attaches to every trespass the consequence at least of nominal damages.   The right to a recovery of damages for trespass can not be denied, however inconsiderable the injury.   The cause of action exists, though the damages may be nominal.   Champion v. Vincent, 20 Texas, 811; Farrar v. Talley, 68 Texas, 352; Brown v. Bridges, 70 Texas, 664.

For the reasons stated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*