Texas & Pacific Railway Company et al. v. T. J. Coggin.

Decided December 15, 1906.

1.—Delay in Transportation of Cattle—Charge.

In a suit for damages for delay in the transportation of cattle, charge considered, and held not to be upon the weight of the evidence.

2.—Same—Market Value—Measure of Damage.

In a suit for damages to a shipment of calves, evidence considered, and held to be practically undisputed that said calves, because of their damaged condi-

tion, had no market value at their destination, East St. Louis, and having been forwarded to Chicago, and sold on the market there, the proper measure of damage was the difference between the amount said calves sold for in Chicago and the market value of said calves at East St. Louis at the time and in the condition they should have arrived there by the exercise of ordinary care upon the part of the carriers.

### 3.—Same—Same—Expert Testimony.

The testimony of experts upon hypothetical questions as to the fact of a market value for damaged cattle at a certain time and place can not be considered as against the testimony of a witness who was on the ground and tried to sell the cattle but could not do so.

Appeal from the District Court of Mitchell County. .Tried below before Hon. James L. Shepherd.

*T. S. Miller* and *Whitaker & Gibbs,* for M. K. & T. Ry.—The charge was error in that it excluded from the jury the determination of whether there was a market value for plaintiff's calves in E. St. Louis. Chamblee v. Tarbox, 27 Texas, 146; Stude v. Saunders, 2 Posey's U. C., 124.

*Wagstaff & Davidson,* for T. & P. Ry. Co.—The charge of the court was on the weight of the evidence and was error in that the effect of the charge was to tell the jury that if the cattle were delayed en route that the appellants were guilty of negligence. Missouri, K. & T. Ry. Co. v. Garrett, 87 S. W. Rep., 172.

*Thurmond & Sandusky,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a cattle shipment case and is the second appeal to this court, the report of the first being found in 14 Texas Ct. Rep., 295, to which reference is made for a statement of the case. The last trial resulted in a judgment in favor of the plaintiff Coggin against the Texas & Pacific Railway Company for seven hundred and sixty-six dollars and against the Missouri, Kansas & Texas Railway Company of Texas for the sum of three hundred and fifty-nine dollars, and the Missouri, Kansas & Texas Railway Company for the sum of ten hundred and seventy-six dollars and sixty-three cents, from which all of the defendants have appealed.

It is first insisted that the following charge is on the weight of the evidence and had the effect to tell the jury as a matter of law that a delay of the cattle en route was an act of negligence on the part of appellants: "Now, gentlemen, if you believe from the evidence in this case that on the 5th day of February, 1904, at Iatan, Texas, the plaintiff delivered to the defendant Texas & Pacific Railway Company, and said railway company accepted for shipment certain cows, bulls and calves, as set out in plaintiffs' petition, over its own line of railway to Fort Worth, Texas, and there to be delivered to its connecting carriers, the remaining defendants herein, to be transported to St. Louis, Missouri, and that said bulls, cows and calves were not carried or transported within a reasonable time by the defendant railway companies, and that there were unreasonable delays in transportation of said cattle by defendants, or any of them; and you further believe from the evidence if

by virtue of such delays, if any there were by defendants or any of them, the said cows, bulls and calves lost in flesh and weight," etc. It is clear, however, that the charge is subject to no such criticism, but leaves the question to be determined by the jury as one of fact.

On the last trial the court charged the jury upon the measure of damages as follows: "If you find for the plaintiff you will assess his damages, if any, at the difference between the market value of the cows and bulls at the National Stock Yards, East St. Louis, Illinois, at the time and in the condition they arrived there and their market value at the same point at the time and in the condition they should have arrived there, had they not been delayed in transportation by the carriers, or any of them, if they were delayed, to which you will add the difference between the market value of the calves at East St. Louis, Illinois, at the time and in the condition they should have arrived by the exercise of ordinary care upon the part of the carriers and the amount said calves sold for on the market in Chicago, Illinois." It is insisted that contrary to appellee's allegations, the evidence showed that the calves did have a market value in East St. Louis, Illinois, and that appellee's damages should therefore have been measured by such market value, rather than that of Chicago, Illinois. Appellants also requested a special charge to the effect that if the jury found that the calves did have a market value at East St. Louis, Illinois, then they would return a verdict in appellants' favor as to all damages to the calves, since there was no pleading authorizing a recovery according to the East St. Louis, Illinois, market values. These assignments pertinently raise the questions whether or not there was evidence sufficient to raise the issue of market value for the calves in their damaged condition at East St. Louis, Illinois, and if so, whether or not the court committed reversible error in submitting the case as he did. We have carefully examined the record and think the effect of the undisputed evidence is that appellee's calves were so damaged en route that they could not be sold on the market at East St. Louis, Illinois, but had to be shipped to the Chicago market, where they were sold. True, the witness Demere testified that he knew the market value of such calves at East St. Louis, Illinois, and that it was about four or five dollars per head. The plaintiff testified that his calves would have been worth from ten to twelve dollars per head if they had arrived at East St. Louis with ordinary care and in a reasonable time, and another witness testified that "if a calf that would bring ten, eleven or twelve dollars at St. Louis in good condition, was delayed fifty or sixty hours and arrived there in bad condition, it would be worth three or four dollars less." This is the testimony upon which appellants rely as showing the error of the court in the charge last referred to. These witnesses, however, were testifying as experts and were not present at East St. Louis, Illinois, when the calves arrived there, to test the market. The witness Campbell, a member of the firm to whom the shipment was consigned, testified that he offered these calves on the market and could get no bona fide offer for them because of their injured condition. There is nothing to impeach the good faith of his efforts to sell on the East St. Louis, Illinois, market and we think his testimony, in connection with the fact that the calves were shipped from that market and sold on another, shows unmistakably that the court committed no error in meas-

uring appellee's damage by the Chicago market. Besides, the witness Demere, who says the calves had a market value at East St. Louis, Illinois, places the same at less than what they actually sold for on the Chicago market.

We find no error in the judgment and order that the same be affirmed.

*Affirmed.*

Conner, C. J., not sitting.

Writ of error refused.