TEXAS & N. O. R. CO. v. WALLACE.†

(Court of Civil Appeals of Texas. Dallas. June 17, 1911. Rehearing Denied Oct. 7, 1911.)

CARRIERS (§ 333*)—INJURIES TO PASSENGERS —CONTRIBUTORY NEGLIGENCE.

A passenger, who, without knowing the speed of the train, which failed to stop at a station, jumped therefrom while it was running at 20 miles an hour, without asking the advice of any member of the train crew or requiring that the train should stop, but who relied on his own judgment as to the speed of the train, was guilty of contributory negligence

precluding a recovery for the injuries sustained.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1385–1397; Dec. Dig. § 333.*]

Appeal from District Court, Henderson County; B. H. Gardner, Judge.

Action by B. C. Wallace against the Texas & New Orleans Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, W. R. Bishop, and Gossett & Shearon, for appellant. Richardson, Watkins & Richardson, for appellee.

BOOKHOUT, J. Appellee sued the appellant, railroad company, to recover damages for personal injuries in the sum of $2,500, and for loss on account of inability to practice for two months his occupation as a physician, $650. Plaintiff alleged that he became a passenger from Athens to Larue February 22, 1910, and that the railroad company negligently failed to stop its train at Larue, but after passing the depot the train appeared to plaintiff to have almost stopped, and, appellee supposing such slowing up was an invitation to alight, he attempted to alight, and was thrown violently to the ground, sustaining personal injuries, and as a consequence lost two months from his practice; that appellee acted with due care and caution, and believed he could alight without danger to himself. Appellant answered by general denial and pleas of assumed risk and contributory negligence. A trial resulted in a verdict and judgment for plaintiff in the sum of $650. Defendant's motion for a new trial having been overruled, it perfected an appeal.

Appellant in its brief presents but one assignment of error, in substance, that the court erred in refusing to give to the jury its special charge instructing a verdict in its favor. Appellee was a passenger on the appellant's railroad and was on his way from Athens to Larue. When the train reached Larue, it failed to stop, and after passing the depot, and while moving at a rapid rate of speed, the appellee, Dr. Wallace, got up from his seat, went out on the platform not knowing the rate of speed the train was traveling, and, believing he could safely alight from the train, jumped therefrom and was injured. He did not ask the advice of any member of the train crew whether it would be safe for him to attempt to alight, or make any request that the train be stopped, but acted solely upon his own judgment in alighting from the train. Under the facts, the act of plaintiff in jumping from the train was reckless and foolhardy, and constituted contributory negligence as a matter of law.

The accident occurred at night, but the moon was shining at the time. The appel-

lee was mistaken as to the rate the train was moving when he attempted to alight. He testified: "If a person exercises good judgment, I don't think they would get injured in alighting from a moving train. I certainly found out in this case that I was mistaken as to how fast this train was moving when I alighted from it. I guess that in this case my judgment was bad. I never saw any member of the train crew and asked them to let me off before I alighted from the train. I jumped off this train on my own judgment, after the same had gotten by the seedhouse on the east side of the depot here in Larue. I did not ask anybody if I could get off that train." Again, he says: "When I got off the train, I at once saw that the train was going much faster than I had thought it was, and probably 20 miles an hour, in my judgment. I naturally supposed the train would not be going through Larue at more than 8 or 10 miles an hour, and it did not appear to be going faster than that, and I decided to get off." The train conductor testified that, had he known plaintiff desired to get off at Larue, he would have stopped the train at the station, or backed it to the station, after passing same, upon notice of a passenger for that station, and that the same had been passed. That train was moving at least 18 miles per hour when opposite the seedhouse east of the depot. The engineer testified that when the engine passed the station the speed of the train was about 12 miles per hour. When the passenger coach passed 100 to 200 yards east of the depot, the train was moving about 20 miles an hour. Under the evidence the court erred in refusing appellant's special charge, instructing a verdict in its favor. Railway Co. v. Highnote, 99 Tex. 23, 86 S. W. 923; Railway Co. v. Leslie, 57 Tex. 83; Railway Co. v. Roland, 90 Tex. 365, 38 S. W. 756.

In the Highnote Case, above cited, the court approved the rule laid down by the Supreme Court of Pennsylvania in Railway Co. v. Aspwell, 23 Pa. St. 147, 62 Am. Dec. 323: "That if a passenger is negligently carried beyond the station where he intended to stop, and where he had a right to be let off, he can recover compensation for the inconvenience, the loss of time, and the labor of traveling back, because these are the direct consequences of the wrong done to him. But, if he is foolhardy enough to jump off without waiting for the train to stop, he does it at his own risk, because this is gross imprudence, for which he can blame nobody but himself. If there be any man who does not know that such leaps are extremely dangerous, especially in the dark, his friends should see that he does not travel by railroad."

Because of the failure to give said requested charge, and for the reason the evidence shows that plaintiff was, as a mat-

ter of law, guilty of contributory negligence in alighting from the train, the judgment is reversed, and judgment here rendered for appellant.

Reversed and rendered.