WESTERN UNION TELEGRAPH CO. v. GLASS.

(Court of Civil Appeals of Texas. Texarkana. Feb. 27, 1913.)

1. TRIAL (§ 260*)—INSTRUCTIONS.

In an action against a telegraph company for delay in the delivery of a death message, whereby the addressee did not reach the place of interment in time for the funeral, it appeared that he could have telephoned or telegraphed to procure a postponement of the funeral. The court instructed that one threatened with injury must use all reasonable means to prevent it, and that, if plaintiff failed to use ordinary care, he would be guilty of contributory negligence. *Held,* that a requested instruction that plaintiff could not recover if a reasonably prudent man would have sent an answering message was sufficiently covered by the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. TELEGRAPHS AND TELEPHONES (§ 73*)—DEATH MESSAGES.

Where there is such delay in the delivery of a death message as to prevent the addressee from reaching the place of interment in time for the funeral, his failure to make an effort to postpone the funeral is negligence or not, according to the circumstances of the case.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 76; Dec. Dig. § 73.*]

3. TRIAL (§ 261*)—INSTRUCTIONS.

Where the same sheet of paper contains a requested instruction which is erroneous and one which is not, the entire paper may be refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 660, 671, 675; Dec. Dig. § 261.*]

Appeal from Titus County Court; W. E. Riddle, Judge.

Action by Henry Glass against the Western Union Telegraph Company. From a judg-

ment in favor of plaintiff, defendant appeals. Affirmed.

Chas. S. Todd, of Texarkana, and Geo. H. Fearons, of New York City, for appellant. Rolston & Rolston and Ward & Ward, all of Mt. Pleasant, for appellee.

WILLSON, C. J. Appellee lived in Mt. Pleasant. His sister Dora Todd lived in Greenville. February 24, 1912, E. Todd, son of Dora Todd, delivered to appellant in Greenville, for transmission to appellee in Mt. Pleasant, a telegram as follows: "Greenville, Texas, 2/24. Henry Glass (colored), Mt. Pleasant, Tex.: Come at once. Your sister Dora Todd dead. E. Todd." The telegram reached Mt. Pleasant at 8:20 p. m. of the day it was dated, but was not delivered to appellee until about 9:30 a. m. of the next day. Appellee went to Greenville on the first train, leaving Mt. Pleasant after the message was delivered to him, to find, when he got there, that his sister had just been buried. He testified: "I got to Greenville too late for the funeral. It was over, and the people were coming back from the funeral when I got there." Had the message been promptly delivered to him after it reached Mt. Pleasant, he could and would have gone to Greenville on a train which left Mt. Pleasant at about 12 o'clock on the night of February 24th, and would have reached Greenville in time to have seen his sister's remains and to have attended the funeral. On the ground that the delay in the delivery of the message to him was due to negligence on the part of appellant, appellee sought and recovered judgment against appellant for the sum of $300.

[1] In its answer, appellant alleged that appellee, after the message was delivered to him, at a cost of less than $1, could by either telephone or telegraph, as he might have chosen, have communicated with the sender of the message or other relatives or friends in Greenville, and have secured a postponement of the funeral, and that in failing to do so he was guilty of contributory negligence. Appellee testified: "I know that there are a telegraph and long distance telephone in Mt. Pleasant, Tex., and between Mt. Pleasant and Greenville, and I know what they are for. I could have telegraphed or telephoned to E. Todd at Greenville and have had the funeral held up or postponed until I reached there; but the reason I did not do so was I did not expect my sister to be buried there, but I expected to bring her body home and bury her here with her mother, as I did her mother. I was so grieved when I got the message I did not think of telegraphing or telephoning. I would have had time to telephone or telegraph." On the issue made by the answer and the testimony set out, the court instructed the jury as follows: "A person who is being threatened with injury as the result of the negligence of another, and who has knowledge of such threatened injury, is required to use all reasonable means that a person of ordinary care would have used, under the same circumstances, to prevent the injury so threatened; and if he fails to use such ordinary care to avert the threatened injury, as aforesaid, then he can only recover such damages as would be sufficient to repay him for such reasonable expenditure as he was required to make in order to prevent or lessen the injury. Now, if you believe from the evidence in this case that defendant was guilty of negligence as pleaded by plaintiff, and that as a result thereof plaintiff was threatened with injury, and had knowledge of such threatened injury, or had notice thereof, and if you further believe that plaintiff failed to use ordinary care to prevent or lessen the said threatened injury, then he would be guilty of contributory negligence, and could recover in this case only the amount that it would have cost him to use such ordinary care to lessen the injury." [2] Having instructed the jury as just set out, the court refused a special charge requested by appellant as follows: "(2) If you find and believe from the evidence that the plaintiff failed to reply to the message and announce that he was coming on next train, and that if he had sent such answering message the same would have reached its destination in due time, and that his sister's funeral would have been postponed until his arrival, and you believe that a reasonably prudent man, similarly situated, would have sent such message, then you will find for the defendant." It is insisted that the refusal of the court to give the special charge was error which requires a reversal of the judgment.

As supporting its contention, appellant cites Telegraph Co. v. Jeanes, 88 Tex. 230, 31 S. W. 186. In that case the court instructed the jury to find for the defendant if they believed the plaintiff, after he received the message, had not exercised the diligence to reach his father before his burial that an ordinarily prudent person would have used under the same circumstances, and refused a special charge like the one set out above. The refusal of the special charge was held to be error; the court saying: "The general charge did not submit the issue whether it was negligent or not, on the part of the plaintiff, to send a message. It merely instructed the jury that, if he failed to exercise reasonable diligence to reach his father before the burial, then they would find for the defendant. This applies only to the fact of his availing himself of the means of transportation at his command for reaching the point of his destination—a fact about which there was no question. The jury must have so understood it."

In this case the court's general charge on the issue of contributory negligence was broad enough to cover the failure of appellee

to send a message as specified in the charge refused, and we think it should not be assumed that the jury did not consider such failure on his part in determining the issue. Having a right to consider it, under the instructions given them, we think it should be assumed, in support of the judgment, they did consider it, and that their verdict involves a finding that appellee was not guilty of negligence in failing to send a telegram for the purpose of procuring a postponement of the funeral. But, if we thought otherwise, we still would be of the opinion the assignment complaining of the refusal of the special charge should be overruled for another reason. [3] On the same sheet of paper, and as a part of the same request, the court was asked to further instruct the jury as follows: "(3) One who is threatened with damage, by reason of the negligent conduct of another, should exercise reasonable prudence to avert the consequences of such neglect. He is bound to use ordinary care to render the injury as light as possible; and, if you believe from the evidence that plaintiff, at reasonable expense, could have procured the postponement of the funeral until his arrival, you can find plaintiff only the amount of such reasonable expense, as shown by the evidence." Aside from being, so far as correct, in effect a repetition of a portion of the main charge as set out above, it was subject to the objection that, if appellee at a reasonable expense could have procured a postponement of the funeral, he was, without reference to the circumstances which induced him not to send a message, guilty of contributory negligence. We do not understand the law to be that the mere failure in such a case to make an effort to procure a postponement of a funeral is negligence on the part of the plaintiff. It is negligence or not, according to the circumstances of the case. That part of the requested instructions being erroneous, and presented to the court on the same piece of paper, it was not error for the court to refuse the entire paper offered, notwithstanding it may have contained another correct instruction. Yarborough v. Weaver, 6 Tex. Civ. App. 215, 25 S. W. 468; Railway Co. v. Neff, 26 S. W. 784; Railway Co. v. Haddox, 36 Tex. Civ. App. 385, 81 S. W. 1036; Telegraph Co. v. Johnson, 16 Tex. Civ. App. 546, 41 S. W. 367. We have considered the assignments in the brief presenting other questions, and are of opinion they should be overruled.

The judgment is affirmed.