MISSOURI, K. & T. RY. CO. OF TEXAS v. PERRYMAN et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 18, 1913. Rehearing Denied Nov. 8, 1913.)

1. MASTER AND SERVANT (§ 137*)—INJURY—NEGLIGENCE—BACKING TRAIN ON SIDE TRACK.

To make the crew of a train, backed in on a side track against cars thereon with such force as to drive them against a car being repaired, killing the car repairer, guilty of negligence rendering the company liable, they need not have had actual knowledge of his presence and danger, but it is enough that they might have reasonably foreseen that some one might be so working there.

[Ed. Note.—For other cases, see Master and Servant, Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. § 137.*]

2. MASTER AND SERVANT (§ 278*)—INJURY—NEGLIGENCE—BACKING TRAIN ON SIDE TRACK.

Evidence as to custom of repairing cars on a side track *held* to show the crew of a train which backed it in on such track against cars standing thereon with such force as to drive them against a car being repaired, killing the car repairer, should have reasonably anticipated his presence, making them guilty of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

3. MASTER AND SERVANT (§ 228*)—NEGLIGENCE (§ 101*)—INJURY—EFFECT OF CONTRIBUTORY NEGLIGENCE—RAILROAD EMPLOYÉ.

By provision of Rev. Civ. St. 1911, art. 6649, the contributory negligence of an employé of a railroad company does not prevent recovery for his death, resulting in part from its negligence, but the damages are to be diminished by the jury in proportion to the amount of negligence attributable to him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228;* Negligence, Cent. Dig. §§ 85, 163, 164; Dec. Dig. § 101.*]

4. TRIAL (§ 191*)—INSTRUCTIONS ON WEIGHT OF EVIDENCE.

An instruction that if the jury believe from a preponderance of the evidence, that defendant's servants caused an engine to come in on a track and to strike with terrific force cars thereon, etc., is not on the weight of evidence, as assuming the engine struck the cars with terrific force, but submits that as an issue of fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

5. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—COURT RULES.

By provision of Court of Civil Appeals rule 62a (149 S. W. x) an error of law in the course of the trial is to be disregarded, unless such court be of opinion that it amounted to such a denial of appellant's rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

6. TRIAL (§ 256*)—INSTRUCTIONS—ERROR OF OMISSION—NECESSITY OF REQUEST.

Any error of an instruction that deceased did not assume any risk arising from any negligence of defendant in not adding, "unless he knew of such negligence, * * * or unless the negligence * * * was so patent as to be

readily observed by him," was one of omission, requiring a request for such further instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

7. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—INSTRUCTIONS.

An instruction that deceased was guilty of contributory negligence, when taken in connection with one that the negligence of deceased in order to constitute contributory negligence, must have concurred and co-operated with some negligent act of defendant, is not at all likely to have been understood by the jury as a statement that defendant was guilty of some negligence, so that though literally it may have that effect, Court of Civil Appeals rule 62a (149 S. W. x), requiring the disregarding of error not such as probably caused the rendition of an erroneous judgment, applies.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Eva Perryman, administratrix, and others against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiffs. Defendant appeals. Affirmed.

Alex. S. Coke and A. H. McKnight, both of Dallas, and Spell & Sanford, of Waco, for appellant. Collins, Cummings & Shurtleff, of Hillsboro, for appellees.

TALBOT, J. Mrs. Eva Perryman, as administratrix of the estate of L. M. Perryman, deceased, brought this suit against appellant to recover damages for the negligent killing by appellant of the said L. M. Perryman. The beneficiaries named in the petition were Mrs. Perryman, wife of L. M. Perryman, and her three minor children, Bessie Perryman, John C. Perryman, and Macy Perryman. The trial of the case before the court and a jury resulted in a judgment in favor of the plaintiff for the sum of $15,000, apportioned as follows: To Mrs. Perryman, $7,500, and to each of the minor children, $2,500. Plaintiff alleged, in substance, that deceased in his lifetime was an employé of the appellant, engaged in repairing cars for appellant, and was so engaged at the time of his death; that on the day of his death he was directed by the foreman, under whom he was working, to go to a certain track and repair a certain car designated by said foreman, and that he went to same and began to repair said car; that there was situated south of the car on which he was working a switch engine, and that the operatives in charge of same knew that he was engaged in said work on the north end of said car; that there was a string of cars situated north of deceased, and that with such knowledge the said switch engine was propelled onto said track and killed deceased; that her husband met his death on account of said car being moved by the switch engine, which was south of him. Plaintiff then alleged the fact to be

that while L. M. Perryman was so engaged at his said work a certain engine operated by appellant came in upon the track upon which the string of cars was situated, and upon which deceased was working, from the north, and that said cars were struck by said engine with terrific force, and that they were thereby caused to roll back upon her husband and kill him. She also alleged that the act of the switch crew in propelling said engine against said cars was negligence and the proximate cause of the death of the deceased, and that the act of moving said engine on the north end of said string of cars, if it was so moved, and the striking of said cars with such great force in the manner in which the same were struck by said engine, and which caused them to move suddenly upon deceased and produce his death, were acts of negligence and the proximate cause of the death of deceased. The first count of appellees' petition charged that the car the deceased was repairing formed a part of a train in appellant's yards engaged in intrastate commerce. Appellant answered, among other things, by general denial and special pleas of contributory negligence and assumed risk on the part of the deceased, Perryman.

The yards of appellant contained a number of tracks, running north and south, projecting from what was known as "lead track." Some of these tracks were used as switch tracks and others as repair tracks. The deceased, at the time of the injury, was engaged in repairing a car standing on track No. 9. This track was known as a switch track, but frequently repair work, such as deceased was doing, was done on this track under the direction of appellant. Appellant's foreman, who was the superior of deceased, directed that the work the deceased was doing at the time he was killed should be done on said track No. 9. There was situated on this track at the time a string of cars, 30 or 40 in number, extending north of where the deceased was working, and the car he was repairing was the last car on the south end before the caboose was attached. There was evidence to the effect that appellant had promulgated a rule which required men working under the conditions surrounding the deceased at the time he was killed to place signal flags at each end of the train to give notice of their presence, but flags were not so placed in this instance. While the deceased was working on the car which he was directed to repair, said car was negligently moved against the other cars by the switch engine being operated by appellant's employés working south of it, or said other cars were negligently moved against it by the engine operated by appellant's employés working at the north, known as the road engine, and deceased was caught between the drawheads and killed. There was evidence supporting both theories, and both were submitted by the court's charge to the jury, but the verdict of the jury was general, and the record does not disclose upon which theory their verdict was based. The death of L. M. Perryman was caused by the actionable negligence of appellant's servants, whether he was killed by the operation of a switch engine or of the road engine.

Appellant's first assignment of error complains of the third paragraph of the court's charge to the jury, and particularly of that part which reads as follows: "Or, if you believe from a preponderance of the evidence that the said L. M. Perryman, an employé of the defendant company as its south yards, near Hillsboro, Tex., on or about the 11th day of November, 1912, was directed by defendant's foreman, S. Pelphrey, to repair a certain car situated on a certain track in said yards, and that while the said L. M. Perryman was engaged in repairing said car defendant's servants and employés caused a certain engine to come in upon the track upon which said car was situated, and to strike with terrific force a certain string of cars on the track whereon was situated the car so being repaired by the said Perryman, and thereby causing said cars to roll back upon the said Perryman, in such a manner as to catch him between the said cars and the car he was engaged in repairing, and thereby crushing the said Perryman and causing his death, and if you further find from a preponderance of the evidence that the defendant's servants and employés in so causing said cars to be run upon the said Perryman and killing him, if they did do so, was negligence, and that such negligence, if any, was the direct and proximate cause of the death of said Perryman, then you will find for the plaintiff, unless you find for the defendant under instructions hereinafter given." The propositions contended for under this assignment, as shown by appellant's brief, are: (1) That the record presents no evidence of negligence on the part of the crew in charge of the road engine, and therefore the court erred in submitting that issue to the jury; (2) "a charge which, in stating to the jury what they must find to return a verdict for the plaintiff, omits an element necessary under the facts, is positive error"; (3) "under the facts knowledge on the part of the road crew, or notice of such facts as would impute to them knowledge, that work was being done on some car in the train was necessary to render their act negligent as to a person working on a car therein; for, in the absence of such knowledge, they had no reason to anticipate an injury as the result of their act, and where injury should not be anticipated, the act is not negligent, or if in any sense negligent, is not actionable"; (4) "the paragraph of the charge in question authorizes a recovery without reference to whether the train crew knew, or should have

known, that the car repairers were working on track No. 9, and should have anticipated injury to them"; (5) "the portion of the charge in question is upon the weight of the evidence, and assumes that the road crew knew, or should have known, that repairs were being made on track No. 9, when the uncontroverted evidence shows directly to the contrary;" (6) "the paragraph of the charge in question is upon the weight of the evidence, and assumes that if the road engine caused the cars to strike the car deceased was working on, it did so with terrific force, when that issue was for the jury to determine." A careful reading of the court's charge and examination of the evidence shown by the record convinces us that there is no material or reversible error here pointed out. There was sufficient evidence to warrant the following conclusions: That the operatives of the road engine knew, or should have known, that the car the deceased was working on when he was killed was being repaired, and that they had reason to anticipate or foresee that the person engaged in such work might be injured by the manner in which the engine or cars were moved against the one deceased was repairing; that they were negligent in that the cars were shoved, in making the coupling intended, with such force that after they struck the deceased he was dragged, according to the testimony of the witness Grubbs, a distance of 26 feet, according to the testimony of Pelphrey, appellant's foreman, a distance of 30 feet, and by the testimony of the witness Underwood, a much greater distance. J. B. Coble, engineer of the switch engine mentioned in the pleadings and evidence, testified that it was a very easy thing in operating the engines to "couple onto a car easy." He said: "You can couple onto it without moving the car more than a shake to it and move it two or three inches. A coupling can be effected without hardly moving the car." It is clear that if this character of coupling had been made by the servants of appellant, the car that struck the deceased would not have reached him.

[1, 2] We do not understand that it is essential to appellees' right of recovery that the appellant's servants in charge of the engine which was moved against the cars that crushed and caused the death of L. M. Perryman must have had actual knowledge that the said Perryman was repairing the car, or actually knew of the danger to which he was exposed. If, under all the facts and circumstances, they could have reasonably foreseen that injury might result to some servant of appellant working on the track in question, or on a car situated thereon, as a consequence of the unnecessary and unusual force with which the cars were driven together and L. M. Perryman killed, they were guilty of actionable negligence which renders appellant liable to appellees for the damages suffered by them on account of the death of the said Perryman. The case is not one where it appeared that the injured person was a trespasser, but under the undisputed facts the deceased was rightfully upon appellant's premises, engaged in the work he had been directed to do, and performing it in the manner and at the place the master's foreman and vice principal had directed him to perform it.

The witness, Pelphrey, appellant's foreman, testified: "I called him (L. M. Perryman), and showed him the defect (in the car), and told him to have the men repair the defect before the car was removed from the track, and called the switchman, Mr. Stroud, and asked him to make the cut, and told them to get the tools and make the repairs." The testimony of this witness further shows, as pointed out by counsel for appellees, that repair work of the kind being done by the deceased at the time of his death was done on this track every day; that it was done, not only by the deceased, but by Pelphrey himself and other car repairers; that when it only required a short time to do the work, it was done without placing any danger signals. He testified: "I have seen some work done there almost every day without putting out flags. We would consider that we were safe in doing it without putting out flags, but had men watching doing little jobs. When it was necessary for me to, I have done work of that kind myself all along, in that way. * * * When they are to go to work all day, they put out flags on the track. I have done jobs on tracks myself when it was only necessary for me to work for a few minutes without putting out flags, and the other men have in my presence. I did not think at the time I called the men's attention to this job that it would take over 15 minutes."

G. J. Slade, the rear brakeman of the train to which the engine on the north end was attached, testified that as such brakeman it was his duty to be looking after the hind end of the train. In view of this and other testimony in the record the operatives of the road engine were not justified in assuming, if they did so, that no one was on the track on which the deceased was working, and that therefore they could shove and jam the cars together with the force and in the manner shown.

We are of opinion that appellant cannot escape liability in this case either on the ground that the evidence shows that its servants in charge of the engine which struck and drove the cars together, crushing and killing L. M. Perryman, had no actual knowledge that the said Perryman was working on the track, or because no flag was displayed in accordance with appellant's rule requiring it when repair work was being done on the track. It appears without dispute that appellant's foreman, Pelphrey, and the switch crew knew that the deceased was at work on the track, and that switching for the purpose

of making up a train to go out was being done, which would probably result in moving the car the deceased was repairing, and while the members of the crew handling the road engine testified that they did not know that the car repairers were at work on track No. 9, yet it was very conclusively shown that repair work was frequently done on this track, and that the rule requiring the display of flags for the protection of émployés while engaged in such work was often disregarded. So frequent was such work done on track No. 9, and so often was the rule requiring the display of flags disregarded at such time, and so generally known were these facts to appellant's employés, that we think it must be held that its servants causing the death of the deceased, Perryman, were chargeable with notice that repair work was being done on track No. 9, and should have foreseen or anticipated injury to those engaged in such work as a result of the manner in which they drove the cars together on the occasion in question. In other words, we are of the opinion that the facts and circumstances disclosed by the evidence are such as to charge the servants of appellant responsible for the death of L. M. Perryman with knowledge of the fact that at the time he was killed work was being done on track No. 9, and that they should have foreseen injury to the employés engaged therein. The failure of the court's charge, under the circumstances, to require the jury to find as a necessary fact to appellees' right of recovery that appellant's road or train crew "knew or should have known" that the car repairers were working on track No. 9 constitutes no such error as requires a reversal of the case.

[3] It will be observed that appellant does not complain that the charge under consideration failed to include in the facts essential to appellees' right to recover the absence of contributory negligence on the part of the deceased, Perryman, and if we are correct in the conclusion that, under the facts and circumstances established by the practically uncontroverted evidence, the servants of appellant should have foreseen that injury might result to the deceased or some employé of appellant engaged in repair work on the track upon which the deceased was at work when killed, then the principle or rule announced in Railway Co. v. Allbright, 7 Tex. Civ. App. 21, 26 S. W. 250, cited by appellant, if correct, under the facts of that case, has no application and cannot be invoked here. The trial court charged the jury that the defendant had promulgated a rule requiring flags to be set by L. M. Perryman, the deceased, while engaged in the work he was doing at the time of his injury and death; that the evidence shows that said flags had not been placed as required by said rule, and that such failure constituted contributory negligence on his part, and that, if they found for plaintiff, to diminish her damages in proportion to the amount of negligence attributed to the said L. M. Perryman. This charge was in accordance with the provisions of article 6649 of the Revised Statutes of 1911; and, if there was any error in it, when considered in the light of the evidence adduced, such error consists in the statement therein to the effect that the deceased, Perryman, was guilty of contributory negligence as a matter of law, for failing to display flags for his protection while at work repairing the car on track No. 9. We think the evidence very clearly shows that the defendant's servants were guilty of negligence in driving the cars against the deceased, and that such negligence was the efficient cause of his death, whether those in charge of the road engine or those in charge of the switch engine did the act.

[4] In reference to the sixth proposition urged by appellant it is sufficient to say that the paragraph of the court's charge in question is not upon the weight of the evidence, in that it assumes that if the road engine caused the cars to strike the car deceased was working on, it did so with terrific force. Whether or not the cars were struck with such force was by the language of the charge submitted to the jury as an issue of fact for their determination.

[5] Upon the whole we conclude that if the charge we are considering is erroneous in any of the respects suggested by appellant, such error does not amount to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. Under rule 62a (149 S. W. x), unless the error, if any, amounted to such a denial of appellant's rights, the assignment must be overruled. Before the promulgation of this rule, it was held in a number of cases that "an erroneous charge, which manifestly from the record could have worked no injury, and did not affect the rights of the parties, was no ground for reversal." Salinas v. Wright, 11 Tex. 572; Carter v. Eames, 44 Tex. 544; Loper v. Robinson, 54 Tex. 510.

Appellant's second assignment of error presents practically the same questions we have just discussed, and these questions, having been determined against appellant in considering its first assignment, need not be further noticed.

[6] Upon the subject of assumed risk the court instructed the jury that when the deceased, L. M. Perryman, entered the employ of the defendant company he assumed all the risks ordinarily incident to such employment, and that if the jury believed that injury and death were the direct and proximate result of a risk ordinarily incident to his employment, to find for the defendant, but in this connection they were told that the deceased did not assume any risk arising from the negligence, if any, of the defendant. Complaint is made of this charge, and the contention urged that "under it deceased was

not made to assume the risk of appellant's negligence although he knew of such negligence, or the same was patent and open to his observation." It is said that to make the charge correct the court should have added, "unless he knew of such negligence, if any, or unless the negligence, if any, was so patent as to be readily observed by him." In disposing of this assignment it will suffice to say that if the issue of assumed risk was raised by the evidence, and the charge in question is erroneous as claimed, the error was one of omission, and if appellant desired a fuller instruction it should have asked a special charge supplying the omission. It does not appear that any such charge was requested, and the assignment will be overruled. We have, however, failed to discover any evidence in the record which tends in any way to show that the deceased knew, or ought to have known, of the defendant's negligence in moving the cars against him in the manner they were moved.

[7] The fourth and last assignment of error complains of the following charge: "The evidence shows that the defendant had promulgated a rule requiring flags to be set by L. M. Perryman while engaged in the work he was engaged in at the time of his injury and death, and the evidence shows that said flags had not been placed as required by said rule, and you are instructed that such failure constituted contributory negligence on his part, and if you find for the plaintiff, you will diminish her damages in proportion to the amount of negligence attributed to the said L. M. Perryman." The contention is that this charge, when considered in connection with the court's definition of and instructions on contributory negligence, is upon the weight of evidence, and assumes that appellant was guilty of negligence. It is said, in effect, that when the court, in his definition of contributory negligence, informed the jury that the negligence of the deceased, Perryman, in order to constitute "contributory negligence" must have concurred and co-operated with some negligent act of the defendant, and then charged them that the failure of the deceased to display flags for his protection while engaged in repairing the car was contributory negligence on his part, he, in effect, said there was some negligence on the part of appellant. The argument is ingenious, and the charges referred to when construed together and taken literally may have the effect contended for by counsel for appellant, but our conclusion is that the error in the charges, if any, is not such as probably caused the rendition of an improper judgment, and that under rule 62a and the decisions cited above does not constitute reversible error. In the first paragraph of the court's charge negligence is correctly defined; in the fourth the jury were instructed, in effect, that unless they believed from a preponderance of the evidence that the acts of the servants of the defendant constituted negligence and was the proximate cause of Perryman's death, to find for defendant. They were also given the usual charge that the burden of proof was upon the plaintiff to make out her case by a preponderance of the evidence and if she had failed so to do to find for defendant. It is not at all likely that the jury understood the charges on the subject of contributory negligence as the learned counsel for appellant construes them, and were misled thereby to the prejudice of appellant.

The evidence supports the verdict of the jury, the assignments point out no reversible error, and the judgment is affirmed.