INTERNATIONAL & G. N. RY. CO. v. PARKE. (No. 5342.)

(Court of Civil Appeals of Texas. Austin. April 15, 1914. On Motion for Rehearing, June 10, 1914.)

1. APPEAL AND ERROR (§ 907*)—RECORD—WAIVER OF ERRORS.
A bill of exceptions, complaining that the trial court failed to prepare and read its charge to the jury before argument as required by statute, which merely recited that certain proceedings were had and occurred, and then stated the course of the trial, is not defective in failing to show that appellant did not waive the provisions of the statute.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

2. TRIAL (§ 220*)—INSTRUCTIONS—STATUTE.
Rev. St. 1911, arts. 1970, 1971, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1971), which require the court to prepare and read its charge to the jury before argument, are mandatory.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 506; Dec. Dig. § 220.*]

3. EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSION OF WITNESS.
Where a witness testified that he knew the ordinary running time made with cattle shipments between two points and that if a shipment took the given time, the run was a bad one, such testimony merely meant that the run was not made in usual time and did not involve any

conclusion of the witness as to any question of law.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

4. APPEAL AND ERROR (§ 499*)—EXCEPTIONS—EFFECT.
A bill of exceptions to the admission of testimony must state the grounds of the objection, or it will not be considered, and the appellant is limited to the grounds stated.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

5. EVIDENCE (§ 514*)—OPINION EVIDENCE—EXPERT TESTIMONY.
Expert testimony is admissible on the question whether a shipment of live stock was made in the usual time.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2319–2323; Dec. Dig. § 514.*]

6. CARRIERS (§ 227*)—CARRIAGE OF LIVE STOCK—ACTIONS FOR INJURIES—EVIDENCE.
In an action for damages for injuries to a shipment of live stock, evidence of the intrinsic value of the stock at the place of destination is admissible under a general allegation as to their value at such place, where there was no market at the point; the question whether intrinsic value or market value shall be shown being merely one of evidence.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 232, 953–956; Dec. Dig. § 227.*]

7. CARRIERS (§ 229*)—LIVE STOCK—INJURY—MEASURE OF DAMAGES.
In an action for damages to a shipment of live stock, some of which died, the measure of damages is the value of the stock at the time at which it should have been delivered, which value, if there is a market at the place of destination, will be measured by the market value, and, if not, by the intrinsic value.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

On Motion for Rehearing.

8. COURTS (§ 78*)—RULES OF PRACTICE.
Under Const. art. 5, § 25, and Rev. St. 1911, art. 1523, giving the Supreme Court authority to establish rules of practice not inconsistent with the laws of the state, rules of the Supreme Court, though entitled to the force of law, are void when in contravention of an express statute.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 274, 276–281; Dec. Dig. § 78.*]

9. STATUTES (§ 243*)—MANDATORY PROVISIONS—LAW RELATING TO PROCEDURE—POWER OF COURT.
Where the legislature has established a mandatory procedure, there is no room left for discretion, and it is the duty of the courts to enforce the law as written.
[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 324; Dec. Dig. § 243.*]

10. APPEAL AND ERROR (§ 263*)—REVIEW—HARMLESS ERROR.
Where the trial court did not prepare and read its charge before argument in accordance with the mandatory statute, the error is reversible and cannot be held harmless under Court Rule 62a (149 S. W. x), requiring a disregard of nonprejudicial errors; for, though the appellant reserved no exceptions as to the charge given, such failure does not show that the charge was harmless, it being apparent that such exceptions would come too late and would be disregarded.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from Hays County Court; J. R. Wilhelm, Judge.

Action by O. G. Parke against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded on rehearing.

Fisher & Fisher, of Austin, and Wilson, Dabney & King, of Houston, for appellant. Will G. Barber and R. E. McKie, both of San Marcos, for appellee.

JENKINS, J. Appellee shipped 319 head of stock cattle over appellant's road from San Marcos to Webb. There was delay and rough handling in the shipment, from the effects of which 8 cows died and the others were injured. The cows were of the value of $35 each at Webb, the place of delivery. Judgment for appellee for $440.

Appellant assigns error upon the failure of the court to prepare and read its charge to the jury before argument in the case, as required by articles 1970 and 1971, Revised Statutes of 1911, and presents the following bill of exception:

"Be it known and remembered that upon the trial of the above numbered and entitled cause the following proceedings were had and occurred, that is:

"(1) The jury was impaneled, the pleading read, and evidence for both plaintiff and defendant heard in due order.

"(2) At the conclusion of the evidence, counsel for plaintiff and defendant proceeded in the ordinary way to argue the case upon the facts before the jury; counsel for plaintiff making the opening argument, then counsel for defendant arguing same, and then counsel for plaintiff making the closing argument.

"(3) The court's general charge to the jury and the special charges given in the case were none of them read to the jury prior to the argument, nor was the court's general charge delivered to counsel for either party prior to the argument of the case, but all charges given were read to the jury by the court after the argument to the jury by counsel for each side had been finished, and, after receiving the charges as given, the jury in the ordinary way retired and made up their verdict and returned same into court.

"(4) At no time did counsel for either party request that the charges of the court be given to the jury before argument of the case, and at no time did counsel for either party request that the general charge of the court be delivered to him for examination. Neither party requested that the charges be read to the jury before the argument of the case, and neither party made any objection at the time to the manner in which the charges were submitted to the jury, and, after the charges were in fact read to the jury, neither counsel for plaintiff nor defendant requested privilege of then making any argument to the jury, and at no time did counsel for either party request the court to deliver to them the charge or charges to be given for examination.

"(5) At no time did any party to this suit request the court to submit his general charge, or any of the special charges to the respective parties or their attorneys for inspection, and at no time did any party thereto request any time in which to examine such charges and present objections thereto.

"(6) Counsel for defendant in this case prepared and submitted to the court certain special charges, with request that same be given, and those special charges were submitted to the court by counsel for defendant before the court had read his general charge to the jury, but after the argument of the cause to the jury.

"(7) No objection or complaint in any way was made by either party to the procedure above shown in this cause, or to any other procedure in this cause, with reference to the matter of the charges given, until the filing of motion for new trial herein by defendant, when the matters covered by this bill were then for the first time called to the attention of the court and complained of by defendant, at which time the court could not, without setting aside the verdict and judgment, correct the irregularities complained of; the verdict having been already returned and judgment rendered thereon, and the jury discharged.

"(8) The court did not at any time refuse to deliver his charges to counsel for inspection or examination, or the making of objections thereto, because counsel did not request or demand same, and the court did not at any time refuse to allow counsel a reasonable time to examine its charges and present objections thereto, and no exception was at any time taken in any way by either party as to the manner of the trial of the cause until the motion for new trial filed by defendant in this cause."

[1] Appellee contends that this bill of exception does not affirmatively show that appellant did not expressly waive the provisions of said articles. It is true, as contended by appellee, that everything set out in said bill of exception might have occurred if appellant had expressly waived the preparation and reading of the charge before argument; but we think that a proper construction of the bill of exception is that there was no such waiver on the part of appellant. The bill states, "The following proceedings were had and occurred," which, we think, by fair intendment, means that the bill sets out all of the proceedings in that behalf, had it not been so, most assuredly the court in signing this bill would have explained such proceedings by stating that the provisions of the articles above referred to were expressly waived, and, had such been the case, no reason can be conceived why the bill would have been presented.

[2] We think that the statute above referred to is mandatory. It was held under the provisions of article 1316, R. S. 1905, which were enacted in 1853, that it was discretionary with the judge as to delivering a written charge to the jury. The language of this article was:

"After the argument of a cause the judge may, in open court, deliver a charge to the jury on the law of the case, subject to the restrictions hereinafter provided."

The restrictions referred to were set forth in the succeeding article, and among other things required the charge to be in writing. The Act of 1903, p. 55, amended article 1316 so as to read as follows:

"After the argument of a cause the judge shall in open court unless the same be expressly waived by the parties to the suit, prepare and deliver a written charge to the jury on the

law of the case, subject to the restrictions hereinafter provided."

It was held, in Sharman v. Newsome, 46 Tex. Civ. App. 112, 101 S. W. 1021, that:

"The changes thus made in the statute evidence an intention upon the part of the Legislature to work a change in the construction theretofore given to that statute, to the effect that it was optional with the judge to give a written charge. The language of the statute appears now to be mandatory, in the absence of an express waiver by the parties."

The language in the Act of 1913, page 113 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1971), which is carried forward in said articles 1970 and 1971, is undoubtedly mandatory.

It does not follow, however, that a case must be reversed for an error in procedure. In Railway Co. v. Shinn, 153 S. W. 639, and in Railway Co. v. Perryman, 160 S. W. 409, 410, it was held that under Rule 62a (149 S. W. x), a case should not be reversed on the ground "that the trial court committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case." In the instant case, it is not necessary for us to go to this extent. It has always been the rule of practice in this state that a case will not be reversed for error in procedure, where it affirmatively appears from the record that no injury probably resulted to the party complaining. Carter v. Eames, 44 Tex. 548; Loper v. Robinson, 54 Tex. 515; McWilliams v. Commissioners' Court, 153 S. W. 372; Englefield v. Railway Co., 159 S. W. 1033; Bonnell v. Prince, 11 Tex. Civ. App. 402, 32 S. W. 856; Railway Co. v. Smith, 153 S. W. 394. We think it is apparent from the record that such is the fact in this case. The object in presenting the charge to counsel before reading the same to the jury is to secure correction of any errors in the charge. Appellant does not complain of the charge given, nor that any charge was improperly refused. Such being the case, it is apparent that the charge would not have been different had it been submitted to counsel before being read to the jury. If it be contended that by reading the charge before the argument counsel is better prepared to present his case to the jury, the answer in the instant case is that no argument that could have been presented ought to have induced the jury to render a judgment more favorable to appellant than that which was rendered. Appellee testified that eight of his cows were killed, and that they were of the value of $35 each, and that the remainder were damaged to the extent of $1.50 per head. This testimony was not contradicted, and would have entitled appellee to a judgment for $740.50, but the jury gave him only $440.

[3] Appellant assigns error on permitting the witness Hawkins to testify for appellee that, if it took from noon one day until 5 o'clock p. m. the next day to ship the cattle from San Marcos to Webb, such a run would not be the usual and ordinary run, but would be a bad run. We think this testimony can be differentiated from that which was held objectionable in Railway Co. v. Roberts, 101 Tex. 418, 108 S. W. 808; Ry. Co. v. Tomlinson, 157 S. W. 279, and Ry. Co. v. Beckham, 152 S. W. 229. In the Roberts Case, supra, the court said:

"In answering, if he answered intelligently, the witness must have determined for himself what would constitute ordinary care, and then have deduced, from a consideration of all of the elements that would, in his opinion, enter into the question of the time reasonably necessary for the transportation in the exercise of such care, a conclusion as to what that time would be. The elements or facts which should be considered were first to be determined in part by the court in the admission and exclusion of evidence; and the conclusion to be drawn from them, as to the time reasonably required to carry the cattle to their destination with ordinary diligence, was then to be drawn by the jury by applying to the facts admitted in evidence their own judgment as to what would constitute ordinary diligence and a reasonable time. The opinion of the witness, therefore, was given in part upon questions of law addressed to the court, and in part, upon conclusions of fact to be drawn by the jury."

But, the court further says:

"Some of the facts from which the conclusions in this case were to be drawn might doubtless have been shown by opinions of witnesses, such as distance, speed of trains, time required for particular things," etc.

The witness Hawkins testified that he had many years' experience in shipping cattle; that he knew what the usual and ordinary running time made with such cattle shipments was; and that he knew the distance from San Marcos to Webb. This testimony, as indicated in the Roberts Case, supra, was admissible, and in fact was not objected to. The additional statement, based upon this testimony, that the shipment consuming from noon of one day to 5 o'clock p. m. on the next day was a "bad run," meant simply that it was a slow run; in other words, that the run was not made in the ordinary and usual time. This testimony does not involve any conclusion of the witness as to any question of law, and his deduction from the facts stated that it was a bad or slow run is one which necessarily results from the facts stated by him. He did not undertake to say that such run resulted from negligence on the part of appellant.

[4, 5] However, the assignment as to the admission of this testimony must be overruled for another reason. The assignment is:

"The court erred in the admission of the testimony set out in defendant's bill of exception No. 1, for each and all of the reasons there assigned."

It was necessary for appellant to state in his bill the grounds of objection to the testi-

mony, otherwise it would have been entitled to 'no consideration, and he is limited to the grounds of objection there stated. By reference to appellant's bill of exception No. 1 it will be seen that the objection was that the testimony "called for the conclusion of the witness about a matter not calling for expert testimony." The testimony was of a kind upon which expert testimony was admissible, and the contrary is not insisted upon by appellant in its brief herein.

[6, 7] Appellant assigns error upon the admission of testimony as to the intrinsic value of the cattle at Webb, the place of delivery, for the reasons: (a) That such value is not alleged in plaintiff's petition; (b) the evidence shows that there was a market for cattle of this kind at Laredo, a distance of about 20 miles from Webb.

Appellee alleged both the intrinsic and the market value of the cattle at Webb. Such evidence would have been admissible upon an allegation as to their value at such place, without stating whether it was the market value or intrinsic value. Market or intrinsic value is simply a matter of evidence. Kerr v. Blair, 47 Tex. Civ. App. 406, 105 S. W. 550. The measure of damages is the value of the article at the time and place it should have been delivered. If there be a market for articles of that nature at such place, the market value will control. If there be no market, then the intrinsic value is the measure of damages. Railway Co. v. Chittim, 40 S. W. 23; Railway Co. v. Smith, 93 Tex. 728, 47 S. W. 279.

It is true that evidence is admissible as to the market value in the vicinity or at the nearest market, if there be no market at the time and place of delivery; but this testimony is admissible for the purpose of showing the intrinsic value. Thus, if a party could have replaced an article destroyed by purchasing an article of the same kind in a nearby market, the intrinsic value would be shown not to exceed the price of such article in such adjacent market, plus the expense of purchasing it in such market and transporting it to the place where the article should have been delivered. Railway Co. v. Williams, 31 S. W. 556; Railway Co. v. Coggin, 44 Tex. Civ. App. 474, 99 S. W. 431; Steamship Co. v. Weiss, 47 S. W. 675; Railway Co. v. Crews, 139 S. W. 1052. In the instant case it was shown by the testimony of appellee that cattle of the same character as his were bought and sold in the market at Laredo, 20 miles distant; but the market price of such cattle was not shown.

No error appearing of record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

[8-10] On a former day of the present term of this court we affirmed the judgment of the trial court herein under the provisions of Rule 62a (149 S. W. x). In this we think that we were in error. The Constitution of this state (Article 5, § 25) and also R. S. art. 1523, provide that:

"The Supreme Court shall have power to make and establish" and enforce all necessary "rules of" practice and "procedure, not inconsistent with the laws of this state, for the government of said court and the other courts of this state, to expedite the dispatch of business" in said courts.

Rules which the Supreme Court has power to make should be given the force of law, but a rule in contravention of a statute is void. Railway Co. v. Beasley (Sup.) 155 S. W. 187; Railway Co. v. Wilkinson, 152 S. W. 203; Schuette v. Bishop, 153 S. W. 379; Railway Co. v. Galloway, 154 S. W. 653; Rowson v. McKinney, 154 S. W. 604; Conn v. Rosamond, 161 S. W. 76; Johnson v. State, 49 Tex. Cr. R. 429, 93 S. W. 735; People v. McClellan, 31 Cal. 103; Main v. Lynch, 54 Md. 658; Purcell v. Railway Co., 50 Mo. 506; State v. Posey, 17 La. Ann. 252, 87 Am. Dec. 525; Suckley v. Rotchford, 12 Grat. (Va.) 62, 65 Am. Dec. 240.

Where a rule of procedure, whether prescribed by statute or by the Supreme Court, is merely directory, the discretion of the court ought always to be exercised in behalf of substantial justice; but, when the Legislature has made a mandatory rule of procedure, there is no room left for discretion, and it is the business of courts to enforce the law as it is written. There is no way for an appellate court to enforce the mandate of the law, except to reverse a case when such mandate has been disobeyed.

In our original opinion herein we said, "Appellant does not complain of the charge given." It did not have an opportunity to object to the charge in the manner prescribed by statute, and "all objections not so made and presented shall be considered as waived." Articles 1970 and 1971, R. S. It would have been useless for appellant to assign error upon the charge after the same had been read to the jury, as such assignments could not have been considered on appeal.

For the reason that the trial court did not comply with the statute with reference to the preparation and reading the charge before argument to the jury, the appellant's motion for a rehearing is granted, and the judgment of the trial court herein is reversed, and this cause is remanded for a new trial.

Motion granted. Judgment reversed, and cause remanded.