## ENGLEFIELD v. INTERNATIONAL & G. N. RY. CO.

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1913.)

1. RAILROADS (§ 351*)—CROSSING ACCIDENT—ACTIONS—INSTRUCTIONS.

In an action for injuries to a person who attempted to pass between the cars of a train which was blocking a crossing, an instruction that the elements of negligence charged were the blocking of the crossing for over five minutes, moving the cars without any signal, and failure to station some person at the crossing to warn persons about to pass through the train, and that even if defendant or its employés did block the crossing for five minutes or failed to give a signal before moving the train or failed to station a person there to warn those about to pass through the train, unless such failure in these particulars or in any of them proximately contributed to the accident and was the proximate cause thereof, such failure was immaterial and furnished no basis for a recovery, could not have misled the jury to believe that they could not consider the blocking the street as a proximate cause alone or in conjunction with the starting of the train without a signal.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193-1211, 1213-1215; Dec. Dig. § 351.*]

2. APPEAL AND ERROR (§ 1170*) — HARMLESS ERROR—INSTRUCTIONS.

Under rule 62a for Courts of Civil Appeals (149 S. W. x), providing that no judgment shall be reversed on appeal for errors during the trial unless the court shall be of the opinion that the error complained of was such a denial of appellant's rights as was reasonably calculated to cause the rendition of an improper judgment or such as probably prevented appellant from making a proper presentation of the case on appeal, the giving of a special instruction, which was unnecessary because a repetition of the general charge, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540-4545; Dec. Dig. § 1170.*]

3. TRIAL (§ 229*)—INSTRUCTIONS—REPETITION.

In an action for injuries to a person who attempted, as he claimed, to pass between the cars of a train which was blocking a crossing to notify the trainmen to move the train, the general charge submitted the issue whether his act in passing between the cars or climbing over the couplers was a want of ordinary care on account of his companions having admonished him or independently of that consideration. A special charge directed the attention of the jury specifically to the issue whether he used ordinary care in the method he adopted of carrying out his purpose of communicating with one of the trainmen. Held, that the special charge was justified and was not erroneous as unduly repeating an issue already submitted in the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

4. WITNESSES (§ 268*)—CROSS-EXAMINATION—SCOPE.

In an action for injuries to a person who attempted to pass between the cars of a train which was blocking a crossing, where plaintiff was himself a railroad employé but not of defendant and testified freely concerning the customs of railroads and relied thereon, it was not error to permit defendant to show on his cross-examination that, being familiar with such rules and customs, he knew that railroads pro-

hibited employés, even in their line of duty, from working or going between the cars when they had been drinking or carousing, as it was claimed he had been, thus showing his knowledge of the dangerous character of his act.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948, 959; Dec. Dig. § 268.*]

5. WITNESSES (§ 282*)—CROSS-EXAMINATION —LEADING QUESTIONS.

It was not error to exclude a leading and suggestive question asked a witness on cross-examination as to whether it was not a fact that plaintiff asked his brother-in-law, with whom he was riding, to go on home with him, where this matter was not covered by the direct examination, especially where the witness did testify that, if plaintiff tried to get his brother-in-law to let the witness take him home, he paid no attention to it and did not know.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 927, 989; Dec. Dig. § 282.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by E. F. Englefield against the International & Great Northern Railway Company and another. From a judgment in favor of the defendant named, plaintiff appeals. Affirmed.

John Lovejoy and Presley K. Ewing, both of Houston, for appellant, Wilson, Dabney & King, of Houston, for appellee.

MOURSUND, J. Appellant sued appellee and Thos. J. Freeman, receiver, for damages for personal injuries sustained by him by being caught between certain cars of appellee which were blocking a public street in the city of Houston, alleging that he was riding in an automobile which was being driven for his brother-in-law, Theodore Dreyling, Jr., by a hired chauffeur, in which there were several other passengers, and that they came upon the freight cars of appellee blocking the street and preventing their passage; that they were detained by said cars so blocking said street for over ten minutes, and desiring to go forward, and believing the train would remain there an indefinite time, plaintiff attempted to pass between said stationary cars to go on the opposite side of the train for the purpose of getting the rear brakeman, who was supposed by plaintiff to be on that side and about that point, to flag the engineer to move the train; that, while attempting to cross over between said cars, appellee's servants caused the same to be moved suddenly, whereby he was caught between them and injured; that an ordinance of the city of Houston was in force prohibiting trains of cars from remaining upon any public street crossing for more than five minutes, also an ordinance requiring engineers or persons in charge of an engine to cause the bell to be rung continuously while the engine or cars are in motion; that it was usual and customary, when cars blocked the streets, for the traveling public to pass between and across the cars, and this was known to the employés in charge of the

train, and they ought in the exercise of reasonable care to have expected persons to have been between said cars where they would likely be injured if the cars were moved suddenly without due warning or provision made for the protection of persons using said street crossing; that it was usual and customary in moving trains, which had blocked the crossing in said city for more than five minutes, for those in charge thereof to give a signal by bell and whistle before moving the train and to give a reasonable time after signal before moving the train which custom was known to and relied upon by plaintiff; that said train ought to have been so handled as not to block the street or else appellees should have had some one at said crossing to warn persons desiring to cross of a contemplated movement of the cars or by signal or otherwise seen that they crossed without exposure to danger from such source; that plaintiff's injuries were proximately caused to him: (1) By negligence of the defendants, and each of them, in permitting said cars to remain standing on and blocking said public street crossing within the corporate limits of said city of Houston, and particularly in doing so for an unreasonable length of time and for a longer period than five minutes, and in suddenly moving said cars without giving any reasonable or adequate warning or signal thereof, especially without blowing the whistle and without the engineer or person in charge of the engine which moved said train of cars causing the engine bell to be rung continuously whilst such engine and cars were in motion; and (2) by negligence of the defendants, and each of them, in suddenly setting said cars and train in motion without any provision for the protection of persons that might be using the street crossing, and particularly in failing to have any one there to warn persons of the public desiring to cross of a contemplated movement or by signal or otherwise seeing that they crossed without exposure to danger from such source.

Defendant answered by demurrer, general denial, and plea of contributory negligence, alleging that plaintiff was not in their employ, and that he was negligent in going between the cars as he did; that plaintiff had spent the day in debauchery, drinking, and evil associations; that he was intoxicated, nervous, and excited, and in this condition went between the cars for the purpose of uncoupling them; that he was a railroad man, had been a car repairer, and was then a fireman in the employ of the Southern Pacific Railway Company and knew, or ought to have known, that the cars were liable to be moved and assumed the risk of his perilous enterprise; that he had been working with the mechanism of the cars in an effort to uncouple them and had uncoupled them, his object being that when there should

be a movement of the cars the train would open up; that he and his companions could have made a detour and proceeded on another street or waited a few moments; that he did not pursue the safe course; that if he did undertake to climb the couplings, as he stated he did, he was negligent, and his negligence was an independent cause and in the alternative contributory.

On trial plaintiff dismissed as to Thos. J. Freeman, receiver, and there was a verdict for the defendant.

[1] By the first assignment of error appellant complains of the giving of the following special charge: "The elements of negligence charged by the plaintiff against the defendant railway are blocking the crossing for over five minutes, moving the cars without any signal, and failure to station some person at the crossing to warn persons about to pass through the train. Now, you are instructed that even if the defendant railway, or its employés, did block the crossing for five minutes, or did fail to give any signal before moving the train, or did fail to station any person at the crossing to warn persons about to pass through the train, nevertheless, unless you believe that such failure in these particulars, or in any of these particulars, proximately contributed to the accident and was or were proximate cause or proximate causes thereof, as I have defined to you proximate cause or causes, then such failure became entirely immaterial and, although it existed, furnishes no basis for a recovery."

The first proposition is as follows: "The special charge was inapplicable to the case and error, which was probably injurious to plaintiff, as reasonably calculated to induce the jury to exclude from mind the unlawful blocking as a proximate cause and, if finding that the unlawful blocking was not a proximate cause, to give their verdict in favor of the defendant on the issue of proximate cause."

We have carefully considered the contention made by counsel for appellant but cannot agree with them that this charge misled the jury to believe that they could not consider the blocking of the street as a proximate cause. The charge permitted them to find the blocking of the street alone to be a proximate cause, or the failure to give a signal before moving the train, or failure to station a person to warn people. It permitted them to find a failure in all these particulars or any of them to constitute proximate cause or causes, and we do not think a jury would, especially when the main charge of the court so clearly shows what elements of negligence are relied upon, be led to believe from said charge that they could not consider in conjunction the blocking of the train and starting the same without signal.

[2] The second proposition is that such charge was improper as unduly repetitious of

the main charge and of its own terms. We regard the charge as unnecessary because repetitious of the general charge but do not think that the giving thereof was such error as to require or justify a reversal of this case. Rule 62a for Courts of Civil Appeals (149 S. W. x).

[3] By the second assignment it is contended that the court erred in giving special charge No. 13; the contention being that such charge was improperly argumentative and unduly repetitious of the general charge, in a manner reasonably calculated to affect the verdict. While accompanied with an unnecessary statement of the issues, the charge is not argumentative, nor do we think it unduly repeats an issue already submitted in the general charge. It merely directs the attention of the jury specifically to the issue whether plaintiff used ordinary care in the method he adopted of carrying out his avowed purpose of communicating with one of the train crew, if such was his purpose. The general charge submitted the issue whether plaintiff's act at the time and under the circumstances, in passing between the cars or climbing over the couplers, if he did, was a want of ordinary care, either on account of plaintiff's companions having admonished him or independently of that consideration. In view of the language of the general charge, we think the special charge was justified, and we do not think the preliminary statement of the contentions of the parties could have harmed plaintiff's case in any manner. The assignment is overruled.

[4] By the third assignment appellant complains because defendant was permitted to prove by plaintiff on cross-examination that being familiar with the rules and customs of railroads in Houston, including the defendant, he knew that railroads prohibited men in their employ from working between the cars or going between the cars, even in their line of duty, when they had been drinking or carousing. We do not consider this evidence irrelevant. Appellant having testified freely concerning the customs of railroads, and relying upon the same, it was permissible to show his' knowledge of a rule which conveyed to him the information that the working about or going between cars was of such dangerous character it was necessary to absolutely prohibit persons from doing so if they were under the influence of intoxicants. The assignment is overruled.

[5] By the fourth assignment complaint is made because plaintiff's attorney was not permitted to ask the witness Denina on cross-examination whether it was not a fact that when they got in his automobile, before they started out to the reservation, plaintiff asked Dreyling to go on home with him. Whether a question as leading and suggestive as this question should be permitted must be left largely to the discretion of the trial judge. The question related to a matter concerning which the witness had not testi-

fied when examined by defendant's attorney, but it appears that he did testify on cross-examination that he knew nothing about plaintiff trying to get his brother-in-law to let the witness take him home, that they were talking together, and, if plaintiff did try to do that, witness paid no attention to it and did not know. The assignment is overruled.

Judgment affirmed.